278 So.2d 672 (1973)
Pedro P. MATO, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-7.
District Court of Appeal of Florida, Third District.
June 12, 1973.
*673 Phillip A. Hubbart, Public Defender and John Lipinski, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arnold R. Ginsberg, Asst. Atty. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and MELVIN, WOODROW M., Associate Judge.
HENDRY, Judge.
Appellant's probation for grand larceny was revoked after appellant was accused of committing the crime of entering without breaking. The revocation "hearing" took place: (1) without prior notice to appellant; (2) without the presence or testimony of the victim and only witness to the alleged violation; (3) without a full hearing as requested by appellant; (4) without appellant being given adequate time to confer with his counsel appointed at the time of the hearing; and (5) without any evidence other than hearsay by police officers and appellant's alleged oral admission made upon his arrest. Appellant, at the hearing, denied the allegations and denied making any confession. Appellant's probation was revoked on this basis and he was sentenced to two years in the state penitentiary, notwithstanding the fact that the criminal charges against appellant for the crime were dismissed for failure of the victim to appear.
While we are aware that the strict procedural and substantive rights of a defendant need not be formally adhered to in a revocation proceeding [Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607], the proceedings must meet the minimal criterion of due process. Such was not shown here. We are, thus, of the opinion that the trial judge abused his discretion in revoking appellant's probation under the state of the record before us. Accordingly, the order of the trial judge revoking appellant's probation is reversed, and the judgment and sentence is set aside with directions to return appellant to probation under the terms and conditions originally established. The action of this court is without prejudice to a further affidavit and further proceedings upon the violation upon which the hearing was had. Hampton v. State, Fla.App. 1973, 276 So.2d 497 (Case No. 72-1033, 3d D.C.A., opinion filed March 1, 1973, on rehearing granted, May 2, 1973).
Reversed.