286 So.2d 268 (1973)
Brent CRUM, Appellant,
v.
STATE of Florida, Appellee.
No. 72-317.
District Court of Appeal of Florida, Fourth District.
December 14, 1973.
Richard L. Jorandby, Public Defender, and Richard S. Power, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant, having pled guilty to the offense of robbery, was placed on probation. Subsequently, probation was revoked. It is this order which we are asked to review.
Both the affidavit and warrant allege that appellant had violated the conditions of his probation in a material respect by:
"Violation of Condition (e) Re: Failure to live honorably, in that the aforesaid was arrested at 1:30 AM on December 28, 1971 by Officer Conrad Killian, O.P.D." (Emphasis supplied)
A hearing was held, at the conclusion of which the court entered its order of revocation of probation in which the violation was set forth in the identical language above quoted.
It is our view and we so hold that the bare assertion of the probationer being arrested at 1:30 AM on a given date by a police officer, without more, is not a sufficient factual basis upon which to charge a violation of the probation condition "to live honorably". Otherwise, if the mere *269 fact of being arrested at 1:30 AM by a police officer would, standing alone, cause a probationer to be guilty of violating the condition requiring him "to live honorably", irrespective of his guilt or innocence of the charge for which arrested, or for that matter irrespective of whether the officer even had grounds to make such arrest, then a probationer's future would at all times rest solely upon the whim or caprice of any police officer whom he happened to meet at 1:30 in the morning.
True, F.S. Section 949.10, F.S.A. 1972 provides that the subsequent arrest on a felony charge, in this state, of any person who has been placed on probation following a plea of guilty to any felony, shall be prima facie evidence of the violation of the terms and conditions of such probation. The purpose of this statute is to authorize temporary revocation and retention in custody pending a hearing as provided in F.S. Section 949.11, F.S.A. The statute does not purport to make the subsequent arrest on a felony charge in and of itself a substantive violation of the terms and conditions of probation. Be that as it may, in this case there was not even an allegation that appellant was arrested on a felony charge.
At the hearing on the alleged probation violation, the State introduced without objection competent substantial evidence from which the trial judge could have concluded that sometime between the date appellant was placed on probation and the date he was arrested, he had participated in the burglary of the residence of one Julia A. Saxon. Yet, for some unexplained reason the probation supervisor who signed the affidavit of probation violation did not see fit to charge appellant with this conduct as being violative of the condition "to live honorably", nor was appellant charged with violation of another condition of the probation order which required him to observe a 10:00 PM curfew. We do not know why appellant was not charged with the violations which apparently could have been so easily proven. We do know that case law now recognizes that fundamental due process requires that a revocation be based only on the violation alleged and after hearing. Hooks v. State, Fla.App. 1968, 207 So.2d 459; Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607.
The violation alleged was not sufficient as a matter of law. Violations which would have been sufficient and which were apparently proven at the hearing were not alleged. The order of revocation of probation is reversed.
Reversed.
WALDEN and CROSS, JJ., concur.