290 So.2d 116 (1974)
John Oley SINGLETARY, Appellant,
v.
STATE of Florida, Appellee.
No. 73-945.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
Question Certified March 6, 1974.
*117 Richard L. Jorandby, Public Defender, Kenneth Scherer and Bruce J. Daniels, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
COWART, JOE A., Jr., Associate Judge.
Appellant claims the trial judge erred in revoking his probation because due process requires and appellant was denied a preliminary hearing to determine if there was probable cause to believe he had violated his probation and a separate final hearing as to whether his probation should be revoked. Appellant also claims the legally admissible evidence does not support the finding that he violated his probation conditions; that the identity of an informant should have been revealed, and that he was entitled to a jury trial on the issue of identity.
Appellant's first point is based on Morrissey v. Brewer, 1972, 408 U.S. 471, 92 S. *118 Ct. 2593, 33 L.Ed.2d 484, and Gagnon v. Scarpelli, 1973, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. Morrissey was a parolee in Iowa, a state in which no law required a hearing before a parole could be revoked. Morrissey was simply arrested at his parole officer's direction and held in a county jail until the Board of Parole revoked his parole after a review of the parole officer's written report. The Supreme Court held that federal procedural due process requires a hearing, which can be informal, before a state parole revocation and that, (1) where state statutes do not require such a parole revocation hearing, and (2) where there is a substantial time lag between arrest and final determination by the parole board, and (3) where the parolee is arrested at a place distant from the state institution to which he may be returned before the final revocation decision is made, given these factors, due process also requires a minimal inquiry (preliminary hearing) as promptly as convenient after arrest and at or near the place of arrest or place of the alleged violation. It was further held that this hearing to determine probable cause to believe the parolee had committed acts violating his parole could be held before any neutral and detached independent hearing officer, even a parole officer other than the one recommending revocation. Other minimal requirements for such an initial hearing are detailed in the opinion.
In Gagnon v. Scarpelli, supra, in Wisconsin, in which no law required a probation revocation hearing, Scarpelli was sentenced to prison, but the sentence was suspended and he was placed on probation and permitted to reside in Illinois. The day after Scarpelli was accepted for supervision in Illinois, he was apprehended in the process of a house burglary. The Wisconsin Department, apparently an administrative agency, forthwith revoked probation without a hearing and Scarpelli was taken directly to prison in Wisconsin to begin serving his sentence. The Supreme Court held that probation, where sentence has been imposed, is constitutionally indistinguishable from parole and that Scarpelli was entitled to a preliminary and a final revocation hearing as specified in Morrissey v. Brewer.
In Florida there are three separate procedures for arresting and holding a probationer as prelude to a probation revocation hearing. First, F.S. Section 948.06, F.S.A., authorizes any probation supervisor, upon reasonable ground to believe a violation has occurred, to arrest a probationer without a warrant, and forthwith return him to the court granting probation. This is rarely, if ever, done. The second and most usual way that revocation proceedings are commenced in Florida is by an affidavit[1] being presented to a committing magistrate,[2] who, after finding from it and other proof presented,[3] that there is reasonable ground to believe the probationer has violated his probation in a material respect, issues a special arrest warrant. The judge issuing the warrant can endorse thereon the amount of bail, if any.[4] The *119 probationer, when arrested, is either taken forthwith before the court granting such probation, to whom the warrant is returnable,[5] or, pursuant to RCrP Rule 3.130(b)(1), 33 F.S.A., he is taken before a judicial officer, a County Judge, within 24 hours of his arrest, for a First Appearance hearing where the County Judge, as magistrate, immediately informs him of the nature and cause of the accusation against him and provides him with a copy thereof[6] [RCrP Rule 3.130(b)(2)]. He is advised of his right against self-incrimination, and that means will be provided for him to communicate with his counsel, his family, or his friends. Counsel is then appointed for him if he desires, but is financially unable to afford, counsel.[7] In some judicial circuits, the magistrate considers admitting the accused probationer to bail or releasing him on his own recognizance,[8] while in other circuits, if the probation was granted in the Circuit Court, the County Judge does not set bail[9] but forthwith binds the accused over for further proceedings before "the court granting such probation",[10] where the Circuit Judge, as arraignment procedure, again advises the accused of the charge[11] and advises him he is entitled "to be fully[12] heard on his own behalf in person or by counsel."[13] If the violation is not admitted, the Circuit Judge considers releasing him from confinement with or without bail and sets a final hearing "as soon as may be practicable".[14] A third probation violation procedure was provided by the passage in 1972[15] of F.S. Section 949.10-949.12, F.S.A., which provides for an automatic bailess[16] temporary revocation when a person on probation as to a felony is arrested on a subsequent felony charge.[17] The statute specifically requires *120 a revocation hearing within 10 days,[18] otherwise the probationer is immediately released from incarceration on the temporary revocation.
Morrissey and Gagnon prescribe a minimal constitutional due process hearing for states that require no hearing before parole and probation is revoked and do not relate to Florida, which is recognized in Morrissey, Footnote 15, as being one of thirty states requiring hearings before revocation. Florida in arresting a probationer upon warrant issued by a judicial officer upon probable cause, supported by affidavit, has adopted a procedure similar to that provided by both the state and federal constitutions for the search and seizure and arrest of free unrestricted citizens. A probationer cannot be entitled to more. We hold that Florida's usual judicial warrant procedure is constitutionally equal or superior to the first "minimal inquiry" promulgated in Morrissey. Both are safeguards against the probationer being arbitrarily and unfairly deprived of his conditional liberty by arrest on unverified facts and confinement pending a revocation hearing. The court in Morrissey insisted it had no thought to create a formal or inflexible structure for revocation procedures.[19]
In Oaks v. Wainwright, Fla. S.Ct. Case No. 43,784, opinion filed December 20, 1973, our Florida Supreme Court applied the Morrissey preliminary hearing concept to a Florida parole revocation, although apparently the parolee at the hearing admitted the acts alleged. We do not read Morrissey to require two hearings regardless of time and place factors, but, in any event, Oaks v. Wainwright relates to the parole revocation process and we are here concerned with the revocation of probation. It is important to note that being a parolee, Morrissey had, of course, been sentenced and that, peculiarly under Wisconsin practice, Scarpelli was first sentenced to prison then the sentence suspended conditional upon his compliance with probation conditions as determined by an administrative board. Upon being accused of a violation of probation conditions Scarpelli never went before a judge but was sent direct to prison without a hearing. In Florida, the trial judge does not pronounce and impose a sentence of imprisonment upon a defendant who is to be placed on probation [RCrP Rule 3.790(a)], except in the special county jail split-sentence situation provided in F.S. Section 948.01(4), F.S.A., and in Florida the trial judge granting probation holds the revocation hearing. *121 Therefore, for these reasons and others, in Florida a probationer, arrested and accused of a violation, can never be summarily whisked to prison because he is both required and entitled to appear before the court for his revocation hearing, and, if necessary, sentencing. The probationer's arrest, confinement, hearing and sentencing occur under the canopy of the usual state criminal justice system court rules and statutes, thereby insuring procedural due process far in excess of minimum requirements of either state or federal constitutions.
A revocation hearing is not a traditional adversary criminal trial but is only a final evaluation of any contested relevant facts and consideration of whether the facts warrant revocation.[20] The judge is not required to follow strict rules of evidence and may consider letters, affidavits, and other material that would not be admissible in a trial. The trial judge heard testimony that the appellant, while on probation for a drug offense, sold the witness, an undercover agent, a white powder  heroin, and a green leafy substance  marijuana. Laboratory reports before the court confirmed the chemical identity of the material. These would have been inadmissible at trial but were properly considered here.[21] The undercover agent also testified that the appellant represented it was heroin and marijuana at the time of the sale. The evidence before the trial judge justified revocation. The revocation was not based solely upon hearsay evidence as in Franklin v. State, 226 So.2d 461 (2 DCA Fla. 1969); Hampton v. State, 276 So.2d 497 (3 DCA Fla. 1973), and Mato v. State, 278 So.2d 672 (3 DCA Fla. 1973).
If, at final hearing, the court is satisfied, from the probationer's admissions, or from the adjudication of facts against the probationer in other cases, or from the greater weight of the evidence as to any contested material fact that a substantial violation has occurred and that probation should be revoked and terminated, good practice dictates that the court enter an order of its findings, reasons and conclusion. However, in Florida, both the County Court and the Circuit Court are courts of record, therefore, the court clerk's minutes together with court reporter notes capable of transcription provide an opportunity for review of the revocation hearing superior to the written statement of evidence and reasons required by Gagnon v. Scarpelli, supra, of administrative fact-finders at similar hearings in other states.
The trial judge did not err in refusing to require the State to reveal the identity of a confidential informant who introduced the undercover agent to the appellant and was present at, but did not participate in, the sale transaction, see Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Morrissey, supra, specifically authorizes a nonlegal hearing officer to disallow confrontation for good cause. As a revocation hearing is not a trial, the trial judge has greater discretion although Doe v. State, 262 So.2d 11 (3 DCA Fla. 1972) would support a refusal to divulge identity at a trial under these circumstances. Here the appellant knew who the informant was and made no effort to summon him as a witness.
While a trial judge would have authority to use an advisory jury to determine a disputed issue of fact, such as identity, in a revocation hearing and the use of a jury in a revocation hearing has been discussed in dicta in State v. Cochran, 140 So.2d 597 (Fla. 1962) and Hooks v. State, 207 So.2d 459 (2 DCA Fla. 1968), no provision of constitution, statute or court rule requires it and the trial judge did not err *122 in denying the appellant's motion for a jury trial on the issue of identity. A jury trial is a substantive right granted by organic law. It should be granted to probationers and parolees, if at all, by constitution or statute and not by the courts.
The order revoking probation is affirmed.
OWEN, C.J., and WALDEN, J., concur.

Order
Ordered that the following question passed upon in this court's opinion filed February 15, 1974, is certified to the Supreme Court of Florida as a question of great public interest, to-wit:
"DOES THE DECISION OF THE UNITED STATES SUPREME COURT IN GAGNON V. SCARPELLI, [411] U.S. [778], 36 L.Ed.2d 656, [93], 98 S.Ct. 1756 (1973) CREATE AN ABSOLUTE REQUIREMENT FOR A SEPARATE AND DISTINCT PRELIMINARY HEARING PRIOR TO A FORMAL PROBATION REVOCATION HEARING?"
NOTES
[1] An affidavit sworn to by one having knowledge of facts which, if true, would prove the probationer has committed acts prohibited by, or failed to perform acts required by, statutory or special conditions of probation.
[2] Usually the affidavit is that of the probation supervisor and is presented to the judge granting the probation.
[3] See F.S. Section 933.06, F.S.A.
[4] RCrP Rule 3.121(a)(7). Whether or not he was originally adjudged guilty or adjudication was withheld (F.S. Sec. 948.01(3), F.S.A.), persons on probation are beyond the trial or guilt determining stage of the criminal process and are not bailable "as of right". See Bernhardt v. State, Fla., 288 So.2d 490, opinion filed January 9, 1974. The intent of Section 14, Article 1, Constitution of the State of Florida, is, consistent with the presumption of innocence, to provide for right of bail before determination of guilt by verdict or acceptance of plea of guilty; the logical dividing line is not formal judgment of conviction, see for an analogous problem, State v. Gazda, Fla.S.Ct. 1971, 257 So.2d 242.
[5] F.S. Section 948.06(1), F.S.A.
[6] The warrant or the affidavit is adequate as a charging document if it alleges, as it should, facts sufficient to give written notice of the claimed violations and which, if proved, constitute a violation of probation terms and conditions as a matter of law, see Crum v. State, 4 DCA Fla., 286 So.2d 268, opinion filed December 14, 1973.
[7] RCrP Rule 3.130. In Morrissey and Gagnon the majority decline to hold that counsel must be furnished the indigent parolee and probationer. Here Singletary was represented at his revocation hearing by appointed counsel, which practice has been mandated in Florida by state court decree, see Herrington v. State, Fla.App. 1968, 207 So.2d 323, and Gargan v. State, Fla.App. 1969, 217 So.2d 578, Machwart v. State, 222 So.2d 38 (2 DCA 1969), and Annotation: Right to assistance of counsel at proceedings to revoke probation, 44 A.L.R.3d 306.
[8] Acting under RCrP Rule 3.130(b)(4).
[9] Because he is not the trial judge and the warrant has been issued by a trial circuit judge without bail endorsed [RCrP Rule 3.130(d)] or because RCrP Rule 3.790 vests bail discretion in the judge granting the probation. See Bernhardt v. State, Fla., 288 So.2d 490, opinion filed January 9, 1974.
[10] See F.S. Section 948.06(1), F.S.A.
[11] RCrP Rule 3.790.
[12] A full hearing includes the procedural due process requirements of notice, disclosure, opportunity to be heard and to present witnesses and the limited right of confrontation and cross-examination, contemplated in Morrissey for a final hearing.
[13] F.S. Section 948.06(1), F.S.A.
[14] RCrP Rule 3.790. "The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months, as the State suggests occurs in some cases, would not appear to be unreasonable." Morrissey v. Brewer, supra, 408 U.S., at page 488, 92 S.Ct., at page 2603, 33 L.Ed.2d, at page 498.
[15] Chapter 72-232, F.S.
[16] Bail can be allowed by the judge granting the probation, see Notes 4 and 9 herein.
[17] The constitutionality of this statute was upheld in Bernhardt v. State, cited in Note 4 herein, a case wherein the normal warrant procedure was combined with the new statutory procedure resulting in an affidavit and warrant alleging the violation of standard condition (h) in that he was arrested for a subsequent felony. In Bernhardt, the Supreme Court denies the contention that Sec. F.S. 949.10, F.S.A., is so vague and indefinite as to give reasonable notice of conduct to be avoided without considering that statute is, in essence, only authority, in limited circumstance, to hold the probationer in confinement for a short time to allow written charges to be filed, notice given, and the usual hearing held. As was held in a similar case, Crum v. State, 4 DCA, 286 So.2d 268, opinion filed December 14, 1973, this statute did not establish a subsequent arrest as a substantive ground of revocation. The written charge of violation must still be alleged in terms of a material breach of the terms and conditions of the probation. A probationer is not being confined under F.S. Sec. 949.10, F.S.A. if he is being held on the subsequent felony charge or held under the authority of a probable cause based judicially issued warrant or held after a RCrP Rule 3.131 type preliminary hearing or held after a Morrissey style preliminary hearing or after appearing before the judge granting probation who has committed him without bail, under F.S. Sec. 948.06(1), F.S.A., "to await further hearing."
[18] This requirement of a final revocation hearing within 10 days would meet the Morrissey requirement for the preliminary hearing to be held "as promptly as convenient after arrest while information is fresh and sources are available, 408 U.S., at page 484, 92 S.Ct., at page 2602, 33 L.Ed.2d, at page 496. Subject to an adequate written notice of the claimed violation and an adequate opportunity to prepare and to be fully heard, a final revocation hearing before a judicial officer after a warrantless arrest and detention, but within the time contemplated by the court in Morrissey v. Brewer for a preliminary hearing, would appear to satisfy due process. In Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947) it was said that due process "was met when the appellant was brought before the court for examination."
[19] Cases like Mato v. State, 278 So.2d 672 (3 DCA Fla. 1973); Machwart v. State, Fla. App. 1969, 222 So.2d 38, and Brown v. State, 1973, 281 So.2d 583, demonstrate that state courts in Florida are no less interested than federal courts in the due process aspects of probation revocation hearings.
[20] The purpose of the hearing is to satisfy the conscience of the court as to whether the terms of the probation have been violated. Bowen v. State, Fla.App. 1969, 229 So.2d 272.
[21] State v. Shelby, Fla.App. 1957, 97 So.2d 631, cited with approval in Bernhardt v. State, supra.