PER CURIAM.
The defendant has appealed from an order revoking his probation and imposing a three year sentence for violation of probation. We affirm.
In April 1970 the appellant, Herman Stevenson, pleaded guilty to a charge of carrying a concealed weapon in Broward County. He was placed on probation for three years. On May 28, 1972, he was arrested and charged with robbery and aggravated assault in Dade County. He pleaded guilty to the robbery charge and was sentenced to eight years in the state prison.
On November 20, 1972, Stevenson’s probation officer executed an affidavit charging him with violation of probation, and a warrant for his arrest was then issued. A detainer was lodged at the prison where he was serving his sentence on the robbery charge.
For reasons which do not appear in the record before us, the appellant was apparently notified that the detainer lodged against him involved carrying a concealed weapon rather than violation of probation. On July 19, 1973, he filed a pro se demand for a speedy trial, which would have been an appropriate response to ■ a charge of carrying a concealed weapon. The court treated his pleading as a demand for a speedy probation revocation hearing.
It is unclear when the appellant received correct notice of the charge pending against him. He obtained counsel, however, who on August 6, 1973 filed a motion for a preliminary hearing in the probation revocation proceedings.
The motion for a preliminary hearing was denied. The case was set for final hearing on August 31, 1973. On that date the State moved to correct a clerical error in the affidavit of violation of probation. Because of the correction, the appellant was granted additional time to prepare the case. Both the appellant and the court rejected a suggestion by the State that the court proceed with a preliminary hearing.
The hearing recommenced on September 6, 1973. The appellant was found to have violated his probation, and was sentenced to three years, to be served consecutively to his eight-year sentence for robbery.
The appellant contends that the procedure by which his probation was revoked violated two standards set forth in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972): first that a parolee or *283 probationer is entitled to a preliminary hearing shortly after his arrest for violation, and second, that he is entitled to a final hearing within a reasonable time thereafter.
 The sole purpose of the preliminary hearing is to determine whether there is probable cause to believe that a probationer has violated the terms of his probation. Bernhardt v. State, 288 So.2d 490, 500 (Fla.1974). Denial of a preliminary hearing is justified if the probationer is arrested on a warrant issued by a judicial officer and supported by affidavit. Singletary v. State, 290 So.2d 116, 120 (Fla.App.1974).
In the instant case, not only was there a warrant complying' with the requirements of Singletary, supra, but that warrant was issued because Stevenson was convicted of a felony. The conviction itself served as a finding of probable cause, and the appellant was not entitled to a preliminary hearing. In re Edge, 33 Cal. App.3d 149, 108 Cal.Rptr. 757 (1973); In re Scott, 32 Cal.App.3d 124, 108 Cal.Rptr. 49 (1973); Walczak v. Department of Correctional Services, 73 Misc.2d 369, 342 N.Y.S.2d 146 (County Ct.1973). We need not rule on the State’s contention that the appellant waived any right to a preliminary hearing by declining the one belatedly offered by the State.
The appellant also contends that the nine-month delay between the lodging of the detainer and the final hearing was excessive. We agree that the lodging of the detainer is the appropriate point from which to measure the speed of the action taken on the underlying charge. State v. Sutton, 269 So.2d 712 (Fla.App.1972). However, the right to a revocation hearing within a reasonable time is relative and
must be decided according to the particular facts of each case. McLucas v. Oswald, 40 A.D.2d 311, 339 N.Y.S.2d 760, 764-765, app. dismissed on other grounds, 32 N.Y.2d 761, 344 N.Y.S.2d 954, 298 N.E.2d 117 (1973). We do not feel that the delay was unreasonable under the special facts of this case as to fall short of the standards set forth by the Supreme Court,' since the only alleged harm to the appellant consisted of unfavorable prison treatment caused by the detainer. See Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974).
In affirming the appellant’s conviction, we add the following observations.
 First, the record contains no evidence of when notice of the alleged violation was given to the appellant, and what that notice contained. These facts are important, because failure to give adequate notice may be grounds for reversal. See Mato v. State, 278 So.2d 672 (Fla.App.1973) The procedure for giving notice to prisoners should be changed so that the date and contents are matters of record.
Second, there is a possibility that the appellant should receive credit for the time he served between the filing of the detainer and the hearing. Cf. Voulo v. Wainwright, 290 So.2d 58 (Fla.1974). However, as he has not raised the issue, we do not consider it.
Finally, this case has revealed negligence on the part of the authorities which we hope will not recur. Our holding does not imply that inexcusable delays in cases of this type will never result in reversal.
Affirmed.
CROSS and MAGER, JJ., and MOUNTS, Associate Judge, concur.