PER CURIAM.
Claudette Warren appeals the revocation of her probation. Appellant was placed on probation for two years after she entered a plea of nolo contendere to a charge of receiving and concealing stolen property. She was subsequently charged with violating her probation. Appellant’s probation supervisor swore out an affidavit alleging that appellant violated her probation by failing to “live and remain at liberty without violating any law” in that she was arrested, pled guilty and was sentenced for petit larceny. The affidavit alleged three other violations of probation conditions.
At the probation revocation, appellant’s counsel announced she would admit the petit larceny charge and that it was agreed the other charges would be “dropped.” After determining appellant understood the consequence for her admission, the court accepted the admission and allowed appellant to explain the larceny conviction. Over defense counsel’s objection the court questioned appellant concerning the other charges. The court then revoked probation and sentenced appellant to two years with credit for time served. The order of revocation of probation listed all four allegations as appellant’s violations of probation.
Appellant contends that fundamental due process requires that a revocation be based only on the violation charged and argues that Crum v. State, Fla.App.4th, 1973, 286 So.2d 268 is controlling. We disagree and affirm the revocation of probation and sentence. The affidavit of violation set forth a sufficient allegation of a violation, the petit larceny conviction. Appellant admitted violating her probation. However, while we note the trial court could properly inquire into appellant’s conduct, there apparently was an agreement to “drop” the other violations. Accordingly, in the interest of justice we instruct the trial court to strike the other violations from its order revoking probation.
HOBSON, Acting C. J., and GRIMES and SCHEB, JJ., concur.