PER CURIAM.
We affirm the order of the trial court revoking appellant’s probation. However, we find it necessary to remand this case to correct an imperfection in the order revoking probation and the term of the sentence.
The record reflects that the charge that appellant violated condition (4) of his probation was dismissed by the trial judge. However, the order revoking appellant’s probation includes a violation of condition (4) as well as numerous other conditions. On remand, violation of condition (4) should be stricken. Warren v. State, 333 So.2d 516 (Fla.2d DCA 1976).
Moreover, the sentence recites appellant is to be given credit for time served in jail but does not specify the amount of that credit as required by Section 921.161(1), Florida Statutes (1975). Brooks v. State, 349 So.2d 794 (Fla.2d DCA 1977). Additionally, it was improper to sentence appellant to serve time “at hard labor.” Brooks v. State, supra.
Remanded for the purpose of correcting the order revoking appellant’s probation and his sentence consistent with this opinion; otherwise affirmed. Appellant need not be present for the purpose of these corrections.
GRIMES, Acting C. J., SGHEB, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.