651 So.2d 793 (1995)
John L. BURTON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0855.
District Court of Appeal of Florida, First District.
March 9, 1995.
*794 M. James Jenkins of McKenzie & Soloway, P.A., Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Thomas Crapps, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
The appellant asks us to overturn the order revoking his probation and recommitting him to the Department of Corrections to serve the remainder of a split sentence imposed for the theft of an automobile. We conclude that the affidavit alleging violation of probation and the order of revocation fail to identify with the requisite specificity a violation of the conditions of appellant's probation, and reverse on those grounds. Because we find these issues dispositive, we do not address other issues the appellant raises.
Revocation of probation entails a serious loss of liberty which requires that the probationer be afforded the essential elements of due process. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Among the minimal requirements of due process in a revocation proceeding are written notice of the alleged violation and, in the event of revocation, a written report by the finder of fact setting forth the evidence of violation and the reasons for revocation. Id.
Without elaboration, the affidavit for violation of probation in the instant case alleges that the appellant
has not properly conducted himself, but has violated the conditions of his probation in a material respect by violation of condition(s):
I. (5) By failing to live and remain at liberty without violating any law, in that on or about September 3, 1992, in Escambia County, Florida, the aforesaid did unlawfully commit a disorderly act.
Defense counsel moved to dismiss the affidavit alleging violation of probation, arguing that the affidavit failed to allege that Burton had violated any law. The trial judge denied the motion to dismiss and revoked the appellant's probation after a hearing.
"An affidavit upon which a permanent revocation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence." Hines v. State, 358 So.2d 183, 185 (Fla. 1978). Although the allegation need not be set forth with the same specificity as required for a criminal indictment or information, due process requires notice, when revocation is sought on account of a new offense, of what law the probationer is alleged to have violated. Id.
Neither the affidavit alleging violation of probation nor the order revoking probation names a criminal offense, cites any criminal statute purportedly violated, or sets forth facts which constitute a crime. As the basis for the violation of probation, the order of revocation sets out only that the appellant
has not properly conducted himself but has violated the conditions of his supervision in a material respect by violation of *795 condition(s): I. (5) as cited in the Affidavit dated September 14, 1992.
The order of revocation rests on a finding that the allegations in the affidavit of revocation were proven, but does not allude to the evidence or cure the deficiencies in the affidavit. At a minimum, due process requires "`a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.'" Gagnon, 411 U.S. at 786, 93 S.Ct. at 1762, quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (alteration in original). We reverse the order revoking probation and sending the appellant back to prison, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BOOTH, ALLEN and BENTON, JJ., concur.