POLEN, Judge.
Mark Teal appeals his conviction and sentence for first-degree murder and attempted robbery with a firearm. He alleges as error the trial court’s unchallenged omission of an unrequested jury instruction on the “independent acts doctrine.” Secondly, he alleges that the trial court erred by failing to use a proper sentencing scoresheet in sentencing him for the noncapital offense. We affirm the judgment of the trial court and the sentence for the capital felony, but remand for resentencing on the attempted robbery with instruction that a properly prepared score-sheet be utilized.
Defendant, who had dated the victim’s daughter, was privy to information that her father, Mr. Southward, had guns in his home and regularly carried large sums of money. As a result of information he learned from the victim’s daughter, Teal stole Mr. Southward’s own gun, gave it to his codefendants, and conspired with them to rob him. Teal was not actually at the scene when the victim was robbed and killed, but was waiting nearby to drive the codefendants away from the scene. He testified that he heard the shots, but maintained that, pursuant to their plan, “nobody was supposed to get shot,” and claimed renunciation of the crime under the attempt instruction. Defendant alleges that the trial court should have given an “independent act” instruction, notwithstanding the fact that it was never requested at trial. Where there is evidence from which a jury could determine that the acts of the co-felons resulting in murder were independent of the joint felony, a defendant is entitled to an instruction that if the murder was such an independent act, not committed in furthei'anee of, or in the course of, the joint felony, the jury should find the defendant not guilty of felony murder. Bryant v. State, 412 So.2d 347 (Fla.1982). However, here, unlike Bryant, where defendant’s trial counsel failed to request an “independent act” instruction, and did not object to it not being given, he cannot raise the issue for the first time on direct appeal. Amrhein v. State, 622 So.2d 172 (Fla. 2d DCA 1993). Thus, we find no merit to defendant’s first issue on appeal.
However, we do find merit to defendant’s second issue on appeal. Under Florida Rule of Criminal Procedure 3.988(c), the permissive incareerative ceiling for committing the attempted robbery was four and one-half (4½) years. Nevertheless, the trial judge sentenced him to a term of 15 years of incarceration, to be served concurrently with his sentence for the capital murder, without formally expressing any reason for this de facto departure. Pursuant to Taylor v. State, 563 So.2d 822 (Fla. 2d DCA 1990), while the sentencing guidelines do not apply to the capital crime, a proper scoresheet must be prepared and used when sentencing for other offenses pending before the court. An appellant is “entitled to have his guidelines scoresheet correctly calculated and, similarly, the trial court should be given an opportunity to consider whether departure *605 from the guidelines should be ordered.” State v. Chaplin, 490 So.2d 52, 53 n. 1 (Fla. 1986). In the instant case, appellant’s existing concurrent sentence for the attempted robbery will expire long before he finishes serving the mandatory minimum portion of his sentence for murder. Nevertheless, defendant is entitled to be properly sentenced on this count. We reverse on this issue and remand for resentencing on the attempted robbery with a firearm.
GUNTHER, C.J., and FARMER, J., concur.