693 So.2d 1138 (1997)
Myles Franklin ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4124.
District Court of Appeal of Florida, First District.
May 22, 1997.
*1139 Nancy A. Daniels, Public Defender; Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; William J. Bakstran, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges an order revoking his probation. We reverse.
The State charged appellant with two violations of Condition No. 5 of his probation, which required him "to live at liberty without violating any law." He was charged with being a principal in the first degree to aggravated battery, based on an incident in which a companion shot a man with a gas-powered pellet or BB gun, and with possession of a concealed weapon, a purported chemical mace or pepper spray device that was found on his person when he was arrested.
The testimony adduced at hearing may be summarized as follows: Appellant was driving his girlfriend's car to a lawn-mowing job while a companion changed clothes in the back seat. The companion found the rifle, which had a telescope sight, in the back seat, and fired it, by accident, he claimed. The shot struck a man working in his yard, but did not seriously injure him. Appellant wanted to return to apologize, but was dissuaded by his passenger.
The victim called police and provided a description of the car; shortly thereafter appellant and his passenger were detained at a *1140 convenience store where they had stopped. Both initially denied any wrongdoing before the passenger admitted that he had fired the shot. Both were arrested, at which time the spray device was found attached to a key ring that appellant had placed in one of his pockets.
The only evidence adduced concerning the mace device was from the arresting officer, who said he saw another officer take the key ring from appellant and that the other officer told him that the key ring had a mace device attached thereto. The device itself was not introduced into evidence and the officer who seized the device did not testify. Thus, there was no evidence offered as to whether the device was, in fact, capable of shooting pepper spray or any disabling chemical.
The trial court found that appellant, by leaving the scene of the crime and by misrepresenting the facts to police, had assisted the passenger in aggravated battery, and thus had violated his probation by violating a law. The trial court properly found that the pepper mace device was a weapon but was not a concealed weapon[1] and that therefore its possession did not violate any law. The trial court did find, however, that appellant had violated another condition of his probation, Condition No. 4, which prohibited appellant from possessing any weapon. Both findings are in error.
As to the first charge, principal in the first degree to aggravated battery, the pertinent law is found in section 777.011, Florida Statutes:
Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense.
At the violation hearing, the evidence was that the passenger, without a word to appellant, fired a single shot at the victim. Appellant did not stop, though he and the passenger discussed returning; he did not, however, speed up or attempt to flee. Once stopped, he denied firing a shot before the passenger admitted that it was he who had shot the rifle.[2]
To convict a defendant as a principal of the first degree based, as was the case here, on circumstantial evidence:
[T]he state has to show that he (1) assisted the actual perpetrator by doing or saying something that caused, encouraged, assisted, or incited the perpetrator to actually commit the crime, and (2) intended to participate in the crime.
A.B.G. v. State, 586 So.2d 445, 447 (Fla. 1st DCA 1991) (citations omitted). Moreover, "[m]ere presence at the scene, knowledge of the crime, and flight are insufficient to justify a conviction...."
Id.
In this case, there is no evidence to rebut appellant's position that the passenger fired the shot without appellant's knowledge, let alone to show that appellant participated in any way, and no evidence that his "leaving the scene" was anything more than simply continuing on his way. Moreover, under A.B.G., flight alone is insufficient to find that one was a principal, and the evidence does not support the charge. Appellant was not an aider or abettor and was, therefore, not a principal in the first degree.
The State appears to concede that point, but argues that in any event he was an accessory after the fact, and therefore violated a law (specifically section 777.03, Florida Statutes), thereby violating Condition 5 of his probation. To the extent that the trial court's order could be construed to find that appellant was an accessory after the fact (the order does not explicitly so state, but suggests such a finding), it also must be reversed.
Appellant was not charged with being an accessory after the fact. While under *1141 certain circumstances a probationer may be charged with violating one crime and have his probation revoked for violating another, see, e.g., Evans v. State, 409 So.2d 1078 (Fla. 4th DCA 1981), probationers are entitled to notice "of what law the probationer is alleged to have violated." Burton v. State, 651 So.2d 793, 794 (Fla. 1st DCA 1995).
In this case, the affidavit recited no factual basis for its conclusion that appellant had acted as a principal in the first degree to aggravated battery. Accessory after the fact is a separate crime from aggravated battery, and thus is not a lesser included offense thereto. See Staten v. State, 519 So.2d 622 (Fla.1988). Appellant was not officially placed on notice prior to the hearing that the acts he was accused of committing were, in fact, alleged to have occurred after the shooting. Thus, he was not properly notified of the charges against him and the trial court's order finding him in violation was in error.
The finding regarding the mace device is improper for two independent reasons. First, it is improper to find a probationer has violated a condition of his probation that he has not been charged with violating. See, e.g., Joseph v. State, 615 So.2d 833 (Fla. 4th DCA 1993). Thus, the court erred in revoking appellant's probation for violating one condition when he was charged with violating another. Second, the State introduced no evidence, other than the arresting officer's hearsay, that the device was, in fact, a chemical weapon. Hearsay is admissible in violation of probation hearings, but may not form the only evidentiary support for a fact. Miller v. State, 444 So.2d 523 (Fla. 1st DCA 1984). Thus, there was no evidentiary support for the trial court's finding that appellant possessed any weapon.
For the reasons stated above, we reverse the trial court's order and remand this matter to the trial court with orders to dismiss the violation of probation charges.
MINER, ALLEN and PADOVANO, JJ., concur.
NOTES
[1] See §§ 790.001(3)(b), 790.001(13), Fla. Stat.; Hartman v. State, 403 So.2d 1030 (Fla. 4th DCA 1981).
[2] This episode occurred in neighboring Escambia County, where both were charged; charges were dismissed against appellant, however.