694 So.2d 147 (1997)
Sellie RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
District Court of Appeal of Florida, First District.
June 4, 1997.
Nancy A. Daniels, Public Defender; Angela Shelley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
PADOVANO, Judge.
Sellie Richardson, the defendant, appeals an order revoking his probation. We must reverse the order because the oral pronouncement of the trial court indicates that the defendant's probation was revoked in part for failure to make monthly reports, an offense not charged in the affidavit.
The revocation of a defendant's probation based on a violation not alleged in the charging document is a deprivation of the right to due process of law. See Wyns v. State, 679 So.2d 882 (Fla. 5th DCA 1996); Harris v. State, 495 So.2d 243 (Fla. 2d DCA 1986). In the present case, the state contends that the issue was not properly preserved for review under section 924.051(3), Florida Statutes, but we must reject this argument. A contemporaneous objection was not required because a deprivation of the right to due process of law is fundamental error. Wood v. State, 544 So.2d 1004 (Fla. 1989). See, e.g., Palmer v. State, 603 So.2d 535 (Fla. 4th DCA 1992) (failure to allege the basic facts concerning the alleged probation violation is fundamental error).
We are unable to determine whether the trial court would have revoked the defendant's probation and imposed the same sentence on the basis of other violations that were alleged and proven at the hearing. Therefore, we must remand this case to the trial court for further proceedings. Mordica v. State, 618 So.2d 301 (Fla. 1st DCA 1993); Gammon v. State, 451 So.2d 1042 (Fla. 1st DCA 1984).
Reversed and remanded.
MINER and LAWRENCE, JJ., concur.