738 So.2d 433 (1999)
James Michael SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-497.
District Court of Appeal of Florida, First District.
July 15, 1999.
*434 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Laura Fullerton Lopez, Assistant Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
James Michael Smith appeals the order revoking his probation and the seventy-month prison sentence imposed in the wake of the revocation. We affirm the court's finding that Mr. Smith's failure to obtain a mental evaluation violated a condition of his probation, but reverse the other findings of violation. Unable to determine on this record how the court would have exercised its discretion absent finding violations we conclude were not properly pleaded or were unsupported, we reverse the order of revocation and the consequent sentence, and remand for further proceedings.
In December of 1994, Mr. Smith entered guilty pleas to two counts of lewd and lascivious conduct under an agreement that called for him to be sentenced on each count to a term of six months in the county jail followed by ten years' probation, the sentences to run concurrently. The probation order allowed Mr. Smith to continue his employment as a long-distance truck driver. As conditions of probation, the court ordered Mr. Smith to pay a $1,000 fine, obtain a mental health evaluation and treatment, if necessaryand, as a general condition of probation, to pay fifty dollars per month toward supervisory costs.
In January of 1998, Mr. Smith's probation officer filed an affidavit charging violations of probation conditions ten and thirteen. The affidavit alleged
Affiant further states that the aforesaid has not properly conducted himself, but has violated in a material respect the following conditions:
Condition (10) which states, "You will pay restitution, costs, and/or fees in accordance with the attached orders." In that, the probationer failed to make payments at all for the months of April and May 1997, August, September, October, 1997. The aforesaid only made partial payments for the months of June 1997, July 1997 and November 1997, therefore placing the aforesaid in violation status in regards to this condition. This violation can be attested to by this writer. Condition (13) which states, "You must undergo a Mental Health Evaluation, and if treatment is deemed necessary, you must successfully complete the treatment." The aforesaid was evaluated by Mr. Burt Randolph of the Unlimited Path of Central Florida on October 10, 1997, at which time it was deemed that the aforesaid was in need of counseling and treatment in which the aforesaid refused. The aforesaid failed to complete treatment successfully and was terminated from the program on 12-01-97 unsuccessfully. This violation can be attested to by this writer, as well as, Mr. Burt Randolph of the Unlimited Path, Inc.
*Further violation of Condition (13), in that, the probationer was on 11/28/95 referred for an evaluation by Correctional Probation Senior Officer John F. *435 Watts. This referral was not followed through with by the aforesaid and an additional referral was completed and processed by Officer Watts on 03/12/96 at which time an appointment was made for the aforesaid on 03/25/96 at 1:00 PM with the Counseling Alternative of Northwest Florida. Said referral was canceled due to a No Show by the aforesaid. This violation can be attested to by Officer John F. Watts of the Marianna Probation and Parole Office.
The court concluded that Mr. Smith had violated condition ten of his probation as charged in the affidavit by failing to make payments while he had the ability to make payments.
The court made no finding on the alleged violation of condition thirteen, taking that issue under advisement. Nor did the court specify what payments Mr. Smith had failed to make. Evidence adduced at the hearing showed that Mr. Smith's only financial obligation under the probation order (aside from payment of the fine) was payment of fifty dollars monthly toward costs of supervision.
Mr. Smith filed a motion to set aside the order revoking probation, arguing that, in the absence of a payment schedule established by the court, a probationer has until the end of his probationary period in which to pay the fine, and that the payment of supervisory costs was a special condition of probation,[1] which had not been orally pronounced. The court granted the motion, set another revocation hearing, and, at the conclusion of the second hearing, again found Mr. Smith had violated condition ten. He also decided that Mr. Smith had violated conditions nine and thirteen, even though he had never been charged with violating condition nine. The court again sentenced Mr. Smith to seventy months' incarceration.
On appeal, the state concedes that the court erred in finding a violation of condition nine, because that violation was never alleged. See, e.g., Andrews v. State, 693 So.2d 1138, 1141 (Fla. 1st DCA 1997) ("[I]t is improper to find that a probationer has violated a condition of his probation that he has not been charged with violating."). Revocation of probation on grounds never alleged in writing violates due process and is fundamental error. See Richardson v. State, 694 So.2d 147 (Fla. 1st DCA 1997); Burton v. State, 651 So.2d 793, 794 (Fla. 1st DCA 1995). The state also concedes error in the finding that there was a violation of condition ten for failure to pay the fine,[2] because, absent a court-imposed payment schedule, the defendant had the entire period of probation within which to pay the fine. See Antoine v. State, 684 So.2d 266, 267 (Fla. 4th DCA 1996). We remand for the trial court to decide whether the only ground for revocation properly pleaded and proven merits revocation.
Reversed and remanded.
DAVIS, BENTON, and PADOVANO, JJ., CONCUR.
NOTES
[1] In fact, the second condition of probation provided: "You will pay the State of Florida the amount of *Fifty Dollars ($50.00) per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes."
[2] The court also found a violation of condition ten for Mr. Smith's failure to pay fifty dollars per month toward supervisory costs. But such payments were required by condition two, rather than by condition ten. Applying the rule of lenity and the maxim that the specific controls over the general, we do not read condition ten as overlapping condition two. The state never alleged that Mr. Smith violated the second condition. See Richardson v. State, 694 So.2d 147 (Fla. 1st DCA 1997); Burton v. State, 651 So.2d 793, 794 (Fla. 1st DCA 1995).