GRIFFIN, J.
Delbert W. Chapman [“Chapman”] appeals his judgment and sentence for the crimes of first-degree felony murder, burglary with firearm and two counts of armed robbery.
Chapman makes three claims of error. First, he contends that the trial court erroneously denied his motion for judgment of acquittal because the State failed *855 to prove the elements of Ms criminal involvement as a principal. We agree with the lower court that there was sufficient evidence presented by the State to establish a prima facie case and to contradict appellant’s hypothesis of innocence. See Staten v. State, 519 So.2d 622, 624 (Fla.1988); Andrews v. State, 693 So.2d 1138, 1140 (Fla. 1st DCA 1997).
Chapman also claims that the trial court’s failure to give an independent acts instruction[1] to the jury constituted fundamental error. Absent a request for an “independent act” instruction or objection to it not being given, however, a defendant may not raise the failure to give this instruction for the first time on direct appeal. Teal v. State, 658 So.2d 603, 604 (Fla. 4th DCA 1995).
Last, Chapman complains that part of the videotaped record of his interrogation was improperly shown to the jury. He raises fifteen instances where the court erroneously refused to redact dialogue deemed by Chapman to be prejudicial. Whether to admit or reject any portion of a statement rests within the sound discretion of the trial court. Pausch v. State, 596 So.2d 1216, 1219 (Fla. 2d DCA 1992). We find no merit to Chapman’s complaint about the passages in question, much less do we see any abuse of discretion.
AFFIRMED.
ANTOON, C.J., and W. SHARP, J„ concur.

. Florida Standard Jury Instruction (Crim.) 3.04(h).