758 So.2d 1206 (2000)
Richard NAGEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1143.
District Court of Appeal of Florida, Fourth District.
May 17, 2000.
*1207 Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
Richard Nagel appeals the revocation of his probation. He contends that his violation of a stockade rule did not constitute a violation of condition five of the probation order. He also contends that the trial court erred in failing to award him credit for time served at sentencing.
A jury found appellant guilty of driving under the influence. He was placed on probation for one year with sixty-days to be served on long weekends.[1] Under the terms of the probation order, appellant had to check-in at the stockade by 6:00 p.m.
On December 17, 1998, the state filed an affidavit alleging as follows:
Violation of Condition (5) of the Order of Probation, by failing to live and remain at liberty without violating any law, and as grounds for belief that [appellant] violated his probation, affiant states that on or about November 29, 1998, the aforesaid was in possession of a controlled substance, to-wit: Alcohol as shown by analysis of a urine sample obtained from the aforesaid on November 29, 1998, and confirmed by J. Skokowski, L.P.N., of the Palm Beach County Sheriff's Office, on November 29, 1998.
Contrary to the affidavit, Ms. Skokowski did not take a urine sample from appellant. Instead, Officer Santiago gave appellant a breath test that screened positive for alcohol. Although the violation report correctly explained that a breath test was performed rather than a urine test, nowhere within the report or affidavit did the state allege that appellant broke a stockade rule by testing positive for alcohol in violation of condition five of his probation.
The trial court concluded that the state sufficiently proved that appellant did consume and test positive for alcohol prior to checking in for his weekend program. However, the trial court questioned whether this was a condition of his probation, since "[n]ormally testing for alcohol wouldn't be a violation of the law." The state explained that appellant broke "a rule of the long weekend program that individuals checking in to do their weekend time cannot have consumed alcohol." The state explained that condition five required appellant to live and remain at liberty without violating any law, whether "a law of the PRC center, a law of the Drug Farm, or a law of the weekend stockade program." The trial court concluded that "the violation in this case is not the fact necessarily that [appellant] tested positive for alcohol, but that he tested positive for alcohol when he reported to serve his long weekends thereby violating the conditions of his probation which required him to serve long weekends."
Thereafter, the trial court revoked appellant's probation and sentenced him to ninety-days in prison "without credit for time served." The trial court stated, "[T]he State has met its burden establishing a violation of probation, that is a violation of condition number five of the defendant's release, that is the presence of alcohol which violates the terms and conditions *1208 of [appellant's] weekend or long weekends."
Appellant contends that the stockade rules are not "laws" under condition five, precluding the trial court from revoking his probation on this violation alone. He argues that the order of revocation should be reversed because neither the charging document nor the probation order specifically alleged a violation based upon his failure to comply with the stockade rules.
The revocation of a defendant's probation based on a violation not alleged in the charging document is a deprivation of the right to due process of law. See Wyns v. State, 679 So.2d 882 (Fla. 5th DCA 1996); Harris v. State, 495 So.2d 243 (Fla. 2d DCA 1986).... A contemporaneous objection [is] not required [to preserve the issue for appellate review] because a deprivation of the right to due process is a fundamental error. Wood v. State, 544 So.2d 1004 (Fla.1989). See, e.g., Palmer v. State, 603 So.2d 535 (Fla. 4th DCA 1992)(failure to allege the basic facts concerning the alleged probation violation is fundamental error).
Richardson v. State, 694 So.2d 147, 147 (Fla. 1st DCA 1997); see also Crum v. State, 286 So.2d 268, 269 (Fla. 4th DCA 1973); Smith v. State, 738 So.2d 433, 435 (Fla. 1st DCA 1999).
In Crum v. State, the defendant's probation was revoked for violating condition (e) which required him "to live honorably." Crum, 286 So.2d at 268. The affidavit of violation alleged that the defendant "was arrested at 1:30 AM on December 28, 1971 by Officer Conrad Killian, O.P.D." Id. The state introduced competent substantial evidence at the defendant's violation of probation hearing that he had participated in a burglary in violation of his probation. Id. at 269. This court reversed the revocation of probation because the defendant was not specifically charged with committing a burglary in violation of the condition "to live honorably" or failing to observe a 10:00 p.m. curfew in violation of a different but applicable condition of probation. Id. We held that "fundamental due process requires that a revocation be based only on the violation alleged and after hearing." Id.(emphasis added).
Likewise, neither the violation of probation affidavit nor the violation report specifically alleged that appellant violated condition five of his probation when he broke a stockade rule by testing positive for alcohol. See Smith, 738 So.2d at 435 (reversing the revocation of probation because it was based upon a condition not properly pled or proven). The state alleged that appellant violated the law because he was in possession of a controlled substance and tested positive for alcohol. The state did not allege a violation of the stockade rules. Consequently, we do not reach the question of whether a violation of the stockade rules constitutes a violation of law contemplated in condition five. However, the record supports appellant's argument that the trial court revoked his probation for a violation not specifically alleged in the probation affidavit. Therefore, the revocation of probation must be reversed. See id.; Crum, 286 So.2d at 269.
Next, we agree that the trial court erred in sentencing appellant to ninety-days for violating his probation without giving appellant credit for time served. See Blakley v. State, 746 So.2d 1182 (Fla. 4th DCA 1999). However, our reversal of the revocation of probation makes this issue moot.
Accordingly, we reverse the revocation of probation and remand for proceedings consistent herewith.
REVERSED and REMANDED.
STONE and TAYLOR, JJ., concur.
NOTES
[1] The record is unclear whether this sentence was later modified to thirty-days to be served on week days followed by ninety-days in-house arrest.