825 So.2d 509 (2002)
N.L., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-5055.
District Court of Appeal of Florida, First District.
September 6, 2002.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The trial court found appellant guilty of violating her probation on grounds neither alleged nor proved. "[P]robationers are entitled to notice `of what law the probationer is alleged to have violated.'" Andrews v. State, 693 So.2d 1138, 1141 (Fla. *510 1st DCA 1997) (quoting Burton v. State, 651 So.2d 793, 794 (Fla. 1st DCA 1995)). It is error for a trial court to revoke probation even for a conceded violation when the probationer has been charged with a different violation altogether. See Smith v. State, 738 So.2d 433, 435 (Fla. 1st DCA 1999) ("Revocation of probation on grounds never alleged in writing violates due process and is fundamental error."); Richardson v. State, 694 So.2d 147, 147 (Fla. 1st DCA 1997) ("The revocation of a defendant's probation based on a violation not alleged in the charging document is a deprivation of the right to due process of law."); Andrews, 693 So.2d at 1141 ("[I]t is improper to find a probationer has violated a condition of his probation that he has not been charged with violating.").
This is not a case where evidence at a revocation hearing proved a lesser included offense. Cf. Thomas v. State, 634 So.2d 276, 277 (Fla. 4th DCA 1994) (affirming appellant's revocation of probation where the affidavit of violation alleged that he resisted arrest with violence, but he was actually convicted of resisting arrest without violence); Evans v. State, 409 So.2d 1078, 1079 (Fla. 4th DCA 1981) (affirming an appellant's revocation of probation where the affidavit charged him with two counts of burglary, but he was actually found guilty by a jury of grand larceny and aiding and abetting); see also Hines v. State, 358 So.2d 183, 185-86 (Fla.1978) (finding variance harmless where affidavit alleged arrest and proof established underlying crime). Here no willful violation was conceded. The trial court did not find that the violations that were alleged were proven, and ordered revocation on a ground never alleged.
Reversed.
BENTON and LEWIS, JJ., concur; MINER, J., specially concurs with opinion.
MINER, J., specially concurring.
I agree that we are obliged to reverse and remand because the basis for revocation of N.L.'s probation was for not observing curfew, a violation not charged in the affidavit before the court. However, since the court did not rule on the absconding allegation in the affidavit, i.e. that N.L. went "out of supervision of her parents or the department" and her "whereabouts are unknown," on remand the court is free to do so and, if it be so minded, may base a probation violation on such conduct, thereby achieving the same end result.