IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES PEASE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2390

Opinion filed May 1, 2015.

An appeal from the Circuit Court for Jefferson County.
Karen A. Gievers, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kathryn Lane, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      James Pease appeals an order revoking his probation, which was based on the trial court's oral pronouncement that he violated probation in part by having contact with the victim or the victim's family during the period of supervision.

Violation of this condition of probation was not charged in the State's affidavit. It is fundamental error and a deprivation of Appellant's due process rights to base a revocation of probation on an uncharged violation of a condition of that probation. Smith v. State, 738 So. 2d 433, 435 (Fla. 1st DCA 1999). Because it is not clear whether the trial court would have revoked Appellant's probation based solely on the charged and proven violation relating to contact with a minor, we reverse the order and remand for further proceedings. Richardson v. State, 694 So. 2d 147, 147 (Fla. 1st DCA 1997).

REVERSED and REMANDED.

WOLF, BENTON, and RAY, JJ., CONCUR.