PER CURIAM.
The trial court’s order denying the motion to dismiss by Key International Drilling and Keydril for lack of personal jurisdiction is REVERSED and the case is remanded with instructions to dismiss the action against those defendants. The documents tendered to us in appellee’s appendix, in an effort to show that those corporations are “mere instrumentalities” of Gulf, are not shown to be part of the record below. Those documents, therefore, cannot refute appellants’ proof that there is no basis for asserting jurisdiction over Keydril and Key International Drilling under the long-arm statute. § 48.193, Fla.Stat. (1981); Hyco Manufacturing Co. v. Rotex International Corp., 355 So.2d 471 (Fla. 3d DCA 1978).
The trial court’s order is AFFIRMED insofar as it denied the motion to dismiss by appellant Gulf for improper venue. The proof offered by Gulf does not negate the existence of proper venue in Walton County under section 47.051, Florida Statutes (1981), in the suit remaining against Gulf alone. See Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100, 102 (Fla.1955).
AFFIRMED in part and REVERSED in part.
ROBERT P. SMITH, Jr., C.J., LARRY G. SMITH and THOMPSON, JJ., concur.