543 So.2d 443 (1989)
Herman WEAVER, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-168.
District Court of Appeal of Florida, Third District.
May 23, 1989.
Mel Black, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
Weaver appeals from an order finding him guilty of a probation violation. He alleges, and we agree, that the State failed to present sufficient proof to establish the violation.
An Affidavit for Violation of Probation was filed by the State charging the defendant with trafficking in heroin. At the probation revocation hearing, two undercover officers, Smith and Brinson, testified that the defendant sold them heroin. Nevertheless, the only non-hearsay evidence introduced into the record showing that the white substance delivered to the undercover agents was, in fact, heroin, was the testimony of Agent Brinson who said he conducted a field test on the substance shortly after it was delivered. On cross-examination, however, Brinson could not remember the name of the field test and stated that he did not know whether such a test is reliable. He also admitted that he could not say, independent of the test, whether the substance he tested was heroin. Agent Smith testified that he believed the white powder was heroin but that he did not perform a field test on the powder or use his sense of smell, taste, or touch to form his opinion but, instead, relied on Agent Brinson's statement that the field test was positive. No chemist or other qualified technician testified that the substance was heroin.
Although the State claims that laboratory reports identifying the white powder as heroin were submitted to the trial court at the hearing, there is no evidence that the *444 reports were ever admitted into evidence. Three laboratory reports were submitted to the appellate court by the State; one dated 1982 is obviously unrelated to the case, and the others, dated 1985, have no markings to indicate that they were marked for identification for admission into evidence. We cannot accept the filing of the reports as a supplement to the appellate record where those documents were never admitted into evidence at the probation hearing. Gulf Oil Co. v. Poole, 426 So.2d 1254 (Fla. 1st DCA 1983).
The remaining proof, relied upon by the State in support of the trial court's finding of a violation, is hearsay evidence. Although hearsay evidence is admissible in a probation revocation hearing, a revocation cannot be based on hearsay alone. Arnold v. State, 497 So.2d 1356 (Fla. 4th DCA 1986) (probation cannot be revoked on ground of possession of cocaine where only proof that substance in question was cocaine was oral hearsay reference to lab test results); Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985). Furthermore, the defendant's statement, as related by one of the officers, that the white powder was "exceptionally good," does not constitute an admission that the substance was heroin.
The evidence was insufficient to establish that the substance involved was heroin. Cf. Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988) (where positive lab reports were admitted into evidence and defendant admitted that substance was cocaine and the officer testified to a positive field test, evidence was sufficient to establish that substance was cocaine). Proof of the identification of contraband does not require scientific tests; nevertheless, it must be reliable and based on the observations of a witness with experience and training. A.A. v. State, 461 So.2d 165, 166 (Fla. 3d DCA 1984). In this case it was not established that the officers could independently, by training or experience, identify the substance with sufficient reliability to support a finding that the defendant was guilty of a probation violation. See Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981) (in probation violation hearing, proof must be sufficient to satisfy conscience of court that substantial violation of probation has occurred); Kirk v. State, 400 So.2d 540 (Fla. 3d DCA 1981) (same).
Reversed and remanded.