DOWNEY, Judge.
Appellant, Stephen Gilberth, seeks reversal of his conviction for possession of cocaine and sentence of forty-two months’ imprisonment. He contends the trial court committed reversible error in 1) denying his motion for a judgment of acquittal due to insufficient evidence that the subject of the purchase was contraband, 2) in allowing incompetent testimony from a chemist, and 3) in refusing to instruct the jury on entrapment.
The evidence reveals that the Ft. Pierce Police Department was involved in a reverse sting operation which netted appellant. The state’s evidence is that the department had a quantity of cocaine rocks from another unrelated case in its evidence locker. The rocks to be used in the sting were obtained from this cache of rocks, field tested for cocaine by Officer Spring and delivered to Officer Wirthman, who, in turn, field tested them and delivered them to the officer who made the alleged sale to appellant. On the evening in question, appellant is said to have purchased one rock for $5.00 and been immediately jumped by several supporting officers and arrested. During the arrest, the rock disappeared and thus was not available for post-arrest examination and testing. Appellant argues that this turn of events precluded the state from proving that he purchased cocaine on the evening in question.
As the court stated in Weaver v. State, 543 So.2d 443 (Fla. 3d DCA 1989), “proof of the identification of contraband does not require scientific tests; nevertheless, it must be reliable and based on the observations of a witness with experience and training.” In the present case, we had trained officers, who testified they tested the rocks used in the sting operation, and *1121 one of them explained in detail the testing procedure to the jury. We believe the sum of their testimony was sufficient to create a jury question as to the authenticity of the alleged cocaine sold to appellant justifying, denial of appellant’s motion for acquittal.
During the trial, the court allowed a chemist to testify, over objection, that he had examined random portions of the large quantity of cocaine rocks in the evidence locker and that it was his opinion that the probability that the other bags contained therein did not contain cocaine was very small, i.e., one out of 738 million chances. No adequate foundation was laid to demonstrate the witness’s expertise in statistics and we believe the admission of this testimony was error.
More serious error was committed in the trial court’s refusal to instruct the jury on appellant’s theory of the case, which was entrapment. The trial judge rationalized that, since appellant denied purchasing the cocaine, an instruction on entrapment was not relevant. In the abstract, that argument may have some merit. However, appellant’s description of the occurrence was such that a jury could have found appellant was entrapped. Therefore, the charge should have been given and its denial constitutes reversible error.
Accordingly, the judgment and sentence appealed from are reversed and the cause is remanded for a new trial.
POLEN and GARRETT, JJ., concur.