PER CURIAM.
The defendant Alphanso Bauldy Sharpe appeals a final order revoking his probation after an evidentiary hearing. We reverse.
The defendant was charged by affidavit with violating condition five of his probation:
“By failing to live and remain at liberty without violating any law, in that, on or about 10-30-90, in Dade County, Florida, the probationer did commit the offense of I. Sale, Purchase or Delivery of Cocaine; II. Possession of Cocaine with intent to Sell; III. Possession of a Firearm by a Convicted Felon and IV[.] Possession of a Firearm during the Commission of a felony, as alleged in Circuit Court Case # 90-43295.”
R. 25.
The evidence adduced at the hearing below establishes that (1) on October 23,1990, the defendant sold a certain substance to an undercover police officer for ten dollars; and (2) on October 30, 1990, the police executed a search warrant and seized a certain substance from a house where the defendant was located. The substances seized on these two dates, however, were never analyzed by a laboratory technician to determine their chemical composition; nor were the substances field tested by a qualified police officer; nor did any witness identify the substances as cocaine based on *964 training or experience. As a consequence, no witness gave any expert opinion that the substances were cocaine. Moreover, no evidence was adduced that the defendant possessed a firearm on either of the above dates. This being so, the state’s evidence was woefully insufficient to establish the alleged probation violation and the order revoking probation must necessarily be reversed. Weaver v. State, 543 So.2d 443 (Fla. 3d DCA 1989) (insufficient evidence to revoke probation based on a charge of trafficking in heroin where no expert testimony or laboratory reports were introduced in evidence at the probation revocation hearing establishing that the substance sold by the defendant was, in fact, heroin); see L.R. v. State, 557 So.2d 121 (Fla. 3d DCA 1990); Arnold v. State, 497 So.2d 1356 (Fla. 4th DCA 1986).
The final order under review and the sentence imposed thereunder are reversed and the cause is remanded to the trial court with directions to restore the defendant to his probationary status.
Reversed and remanded.