PER CURIAM.
Defendant appeals an order revoking his probation and the sentence imposed thereto. He contends the trial court was without jurisdiction to act because the affidavit of probation violation was filed after the probationary period had expired.
The defendant’s probationary period commenced immediately on his release from incarceration. § 948.01, Fla. Stat. (1995). There is nothing in the record that indicates, however, when the defendant was released from incarceration[1] and, therefore, no way to ascertain when the probationary period expired.
Because the trial court’s jurisdiction is at issue, see State v. Hall, 641 So.2d 403 (Fla.1994), the defendant’s admission that he knew he was on probation is not sufficient to confer such jurisdiction. See Rodriguez v. State, 441 So.2d 1129, 1135 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 850 (Fla.1984)(subject matter jurisdiction may not be conferred by waiver or consent). Accordingly, the cause is remanded for the trial court to hold a hearing to establish when the defendant’s probation commenced and thus whether the affidavit of probation violation was timely. In making that determination we note that “[t]he judge is not required to follow strict rules of evidence and may consider letters, affidavits, and other material that would not be admissible in a trial.” Singletary v. State, 290 So.2d 116, 121 (Fla. 4th DCA), cert. dismissed, 293 So.2d 361 (Fla.1974).
If after holding a hearing the trial court finds that the affidavit was filed within the probationary period, it may again revoke the defendant’s probation and reimpose the sentence it imposed at the February 13, 1996 hearing. Should that happen, we note that the trial court must enter a written order of probation revocation. See Eckhart v. State, 670 So.2d 977 (Fla. 1st DCA 1996).
Reversed and remanded for further proceedings consistent with this opinion.

. The state appended a letter from a correctional probation officer to its appellate brief which stated that the defendant was released from prison on March 15, 1994. This letter was never admitted into evidence at the probation hearing and we cannot consider it. Weaver v. State, 543 So.2d 443, 444 (Fla. 3d DCA 1989).