739 So.2d 616 (1999)
Beverly LEGREE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2645.
District Court of Appeal of Florida, First District.
May 14, 1999.
*617 Nancy A. Daniels, Public Defender and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Randy L. Havlicak, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We find no error in the trial court's decision to revoke the defendant's probation on the ground that she failed to complete her community service work. Likewise, the record supports the trial court's conclusion that the defendant failed to complete the course of drug treatment required as a condition of probation. The trial court erred, however, in concluding that the defendant used cocaine during the probationary period. The state attempted to prove this charge by introducing laboratory reports showing that the defendant had tested positive for cocaine. These reports are hearsay. Although the reports were admissible, they cannot serve as the sole evidentiary basis for the charged violation. See Hogan v. State, 583 So.2d 426 (Fla. 1st DCA 1991).
Because we cannot determine whether the trial court would have revoked the defendant's probation and imposed the same sentence based on the two valid violations, we reverse the revocation order for further proceedings in the trial court. See Mathis v. State, 683 So.2d 634 (Fla. 4th DCA 1996); Llumbet v. State, 698 So.2d 381 (Fla. 4th DCA 1997).
Affirmed in part and reversed in part.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., CONCUR.