747 So.2d 1043 (2000)
Jeffrey MEADOWS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0352.
District Court of Appeal of Florida, Fourth District.
January 5, 2000.
*1044 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, J.
The defendant, Jeffrey Meadows, appeals the revocation of his probation and sentence. The defendant's probation was revoked based upon two violations; however, because we conclude one of the violations is invalid, we reverse and remand.
The affidavit of violation contained two counts, i.e., (1) the defendant committed aggravated battery and domestic violence by hitting his roommate on the head with a flashlight; and (2) in a later incident, the defendant accessed 911 for a non-emergency purpose. At the beginning of the violation hearing, the State agreed to proceed only on the second count, accessing 911 for a non-emergency purpose. The State presented the testimony of the responding officer who explained that the defendant acknowledged calling 911 to get even with his roommate. In addition, the tape of the 911 call was played for the trial court. The defendant testified on his own behalf and admitted to hitting his roommate with a flashlight in a prior altercation. The trial court concluded the defendant was guilty of both counts and revoked his probation.
On appeal, the defendant argues that the State agreed not to proceed on count I and thus the trial court's revocation of probation based upon both counts was improper. Further, the defendant contends the evidence was insufficient to establish he accessed 911 for an improper purpose.
With regard to count I, because the State agreed at the beginning of the violation hearing not to proceed on count I, it was error for the trial court to conclude the defendant violated his probation based upon the allegations in count I. See generally Andrews v. State, 693 So.2d 1138, 1139 (Fla. 1st DCA 1997)(stating, "Probationers are entitled to notice of what law the probationer is alleged to have violated").
As to count II, we conclude there was sufficient evidence to support the trial court's finding that the defendant accessed 911 for a non-emergency purpose, in violation of his probation. The responding officer testified that at the scene, the defendant's roommate asked the defendant if he had called 911 to get even with him for a prior incident and the defendant responded he had. In addition, the responding officer testified that the defendant was calmly seated on the couch when he arrived and that there was no emergency situation. Further, the tape of the 911 call was played to the trial court and reflected that when the defendant was asked to give *1045 his address, he replied, "I will have to call you back." The call itself implies an emergency situation was not occurring. As such, the trial court did not abuse its discretion finding the defendant guilty of accessing 911 for a non-emergency purpose.
However, because the revocation of probation was based upon two violations, and it is not apparent whether the trial court would have revoked the defendant's probation based upon the remaining violation, we reverse the revocation and remand to the trial court for reconsideration. See Antoine v. State, 684 So.2d 266, 267 (Fla. 4th DCA 1996). Furthermore, there is a discrepancy between the trial court's oral and written sentence. Thus, on remand, should the trial court conclude the single violation is sufficient to revoke the appellant's probation, the trial court should ensure the written and oral sentences conform.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
FARMER and KLEIN, JJ., concur.