PER CURIAM.
We affirm appellant’s convictions of possession of over 20 grams of cannabis, possession of cocaine with intent to sell or deliver, and possession of a firearm by a convicted felon. At trial, a detective testified that he had test fired a gun seized from a car occupied by appellant. Defense counsel objected to the admission of the spent round into evidence, primarily on relevancy grounds, not as a discovery violation under Richardson v. State, 246 So.2d 771 (Fla.1971). Defense counsel did not object to the detective testifying that he had test fired the gun, which was relevant to prove that the gun was capable of firing a projectile under section 790.001(6), Florida Statutes (1999). The bullet was not admitted into evidence. The state did not refer to the bullet during the remainder of the case. Under these circumstances, we find no prejudicial error in the trial court’s failure to determine whether a discovery violation existed or to conduct a Richardson hearing. Appellant knew from discovery that the handgun had been recovered and that it was loaded.
AFFIRMED.
STONE, POLEN and GROSS, JJ., concur.