777 So.2d 1093 (2001)
Curtis TERRY, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 5D00-414.
District Court of Appeal of Florida, Fifth District.
January 19, 2001.
Rehearing Denied February 14, 2001.
*1094 James B. Gibson, Public Defender, Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
PALMER, J.
Curtis Terry appeals the trial court's order revoking his probation, arguing that the evidence of record is insufficient to prove he violated his probation. The State cross-appeals arguing that the trial court erred in ruling on an evidentiary issue. We affirm.
The State charged Terry with violating his probation by using cocaine. The evidence presented at the revocation hearing consisted of the probation officer's testimony. The officer testified that he conducted a field test on Terry's urine sample which indicated the presence of cocaine. The sample was later sent to a lab for further testing. However, the results of the lab test were not admitted into evidence based upon Terry's hearsay objection. Terry did not object to the probation officer testifying as to the results of the field test. At the conclusion of the hearing Terry sought a judgment of acquittal arguing that the State failed to introduce competent evidence of his cocaine use. The trial court denied the motion and we affirm that ruling.
While the probation officer testified that he was not a chemist nor trained in pharmacology, and that he did not know what chemicals were used in the field test, he testified as to the nature of the field test and how it was performed. He further testified that he administers the test fifty times a month, and was certified by the State to administer the test. The trial court properly concluded that the testimony presented was sufficient to support a finding of violation of probation. See Gilberth v. State, 563 So.2d 1120 (Fla. 4th DCA 1990).
Although moot in light of our ruling above, on the State's cross appeal which challenges the trial court's refusal to admit the lab report into evidence on the grounds of hearsay, we note that the ruling was erroneous in that hearsay evidence is admissible in probation revocation hearings although a violation cannot be sustained solely on the basis of hearsay evidence. Morris v. State, 727 So.2d 975, 976 (Fla. 5th DCA 1999).
AFFIRMED.
COBB and PETERSON, JJ., concur.