PALMER, J.
AMwee Moore appeals the trial court’s order revoking his probation, contending that the evidence of record was insufficient to support a finding that he violated his probation. We affirm.
The State charged Moore with violating his probation by delivering cannabis to a minor. At the hearing, the arresting officers testified that they witnessed the delivery of an object from Moore to the minor and saw the minor try to redeliver it to Moore, but he refused. When the officers made their presence known to the minor, she became upset, started shaking and crying, and stated that she “can’t go to jail.” The minor then reached inside her shirt and handed the officer the two small baggies which Moore had just given to her. A Valtox field test identified the substance contained in the baggies as being cannabis.
Moore argues that he should not have been found guilty of violating his probation because the State failed to sustain its burden of proving that the substance contained in the baggies was cannabis. Although the officer should have testified concerning the nature of the Val-tox test, how it was performed, and his experience in administering the test; see Terry v. State, 777 So.2d 1093 (Fla. 5th DCA 2001), Moore did not raise any objection to the admissibility of the officer’s testimony regarding the results of the field test, nor did he move to strike the officer’s testimony. He merely argued in closing that the officer’s cursory explanation that the test was administered was insufficient to establish its reliability. Once the testimony regarding the Valtox test results was admitted into evidence without objection there was no further issue as to its admissibility. Rather, the reliability of the test became an issue of weight to be given to the results. The weight to be given the evidence falls within the province of the trial court and this court will not re-weigh the evidence. See Brown v. State, 455 So.2d 635 (Fla. 5th DCA 1984).
Judgment and Sentence AFFIRMED.
COBB and PLEUS, JJ., concur.