WARNER, J.
We affirm the trial court’s order revoking appellant’s probation and sentence. The court’s order is supported by its finding that appellant violated her probation conditions by using marijuana.
Condition K(5), the condition appellant was alleged to have violated, requires appellant to “not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician.” Appellant tested positive for marijuana in her system. This is circumstantial evidence of the possession of drugs.
Appellant argues the outside testing lab report of drugs in her system was hearsay. We disagree. The lab report was admitted through the testimony of the custodian of the record, and appellant failed to preserve the specific objection that she now makes to this evidence. Regardless, the probation officer conducted an in-office “presumptive test” which showed the presence of marijuana in appellant’s system. Therefore, not only was the outside test report admissible, but it was not the only evidence of appellant’s drug use. See Monroe v. State, 679 So.2d 50, 52 n. 2 (Fla. 1st DCA 1996).
The trial court also determined appellant committed two other violations of probation, but the affidavit supporting those violations is not in the record. The state withdrew these violations at the first hearing, and the court erred in allowing the state to reinstate them at the second hearing. Therefore, the revocation on these grounds is in error. See Meadows v. State, 747 So.2d 1043, 1044 (Fla. 4th DCA 2000). However, these remaining violations were insubstantial and we conclude the court would have revoked appellant’s probation based solely upon her use of marijuana. We affirm the court’s order.
SHAHOOD and TAYLOR, JJ., concur.