971 So.2d 908 (2007)
Willie Edward ISAAC, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1798.
District Court of Appeal of Florida, Third District.
December 12, 2007.
*909 Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lunar Claire Alvey, Assistant Attorney General, for appellee.
Before RAMIREZ, WELLS, and SALTER, JJ.
SALTER, J.
Willie Edward Isaac appeals a circuit court determination that he violated probation and his sentence following that determination. We affirm the finding that Isaac violated probation, but reverse with respect to one aspect of his sentence.
Isaac argues that the trial court reversibly erred by finding a violation of probation solely on the basis of hearsay evidence. The sole testimony was by the probation officer. No representative of the laboratory testified. Isaac is correct that the laboratory test in question (showing that Isaac was positive for cocaine) was hearsay, but in probation violation hearings such tests are admissible. Hayes v. State, 345 So.2d 765 (Fla. 4th DCA 1977). Isaac is also correct that a violation may not be sustained solely on the basis of hearsay evidence. Weaver v. State, 543 So.2d 443, 444 (Fla. 3d DCA 1989) (emphasis added).
The trial court's determination was not based exclusively on hearsay, however. Isaac's probation officer testified regarding his other violations, and she also personally conducted a field test (positive for cocaine and marijuana) before the urine sample was sent out for laboratory analysis. Although the laboratory results differed from the probation officer's test in one respect  the laboratory test was negative for marijuana  the trial court properly concluded that the testimony was sufficient to support a violation. See Terry v. State, 777 So.2d 1093 (Fla. 5th DCA 2001).
Isaac's second issue on appeal has merit. The sentencing judge determined that a sentence of twenty-five years was appropriate as to two of the original counts and fifteen years as to a third count, all to run concurrently. The sentencing judge initially added "He's entitled to all CTS," which would mean credit for time served on his original charges and plea agreement (the record indicates that he was arrested on those charges on October 16, 1998 and released by the Department of Corrections on June 19, 2003) as well as for time served following the re-arrest for violation of probation (July 21, 2005).
In a further colloquy at the sentencing hearing, however, the State asserted that the twenty-five years was to run "from [Isaac's] most recent violation," and the court apparently imposed sentence on that basis. What is also clear from the transcript, however, is that Isaac did not knowingly waive credit for time served on the original offenses "as part of a plea bargain." Cozza v. State, 756 So.2d 272, 273 (Fla. 3d DCA 2000). Accordingly, we reverse and remand for the correction of Isaac's sentence to reflect credit for the time he actually served on the original charges.
*910 The State argues that Isaac failed to preserve this point or, alternatively, that he must initially seek relief under Florida Rule of Criminal Procedure 3.800. We disagree, finding that the court resentenced Isaac with a "sentence which it might have originally imposed before placing [him] on probation," paragraph 948.06(2)(b), Fla. Stat. (2006), and then expressed an intention to allow credit for time served. Because that credit was not waived as part of a plea bargain, and because defense counsel raised the point at the sentencing, a further motion and hearing are not required.
Affirmed in part, reversed in part, and remanded for correction of sentence.