PER CURIAM.
 

 Appellant challenges the trial court’s denial of his motion to dismiss the allegation that he violated probation by failing to abide by the special condition prohibiting him from possessing or consuming alcohol, and the subsequent revocation of his probation based on his violating this condition, on grounds that the condition was illegally imposed. Because Appellant is not entitled now to challenge the legality of the special condition, these claims do not merit discussion.
 
 Matthews v. State,
 
 736 So.2d 72, 75 (Fla. 4th DCA 1999) (quoting
 
 State v. Powell,
 
 703 So.2d 444 (Fla.1997)).
 

 
 *958
 
 However, Appellant’s claim that the trial court erred in revoking his probation for his failure to pay restitution without making a determination that he had the ability to pay is meritorious. It is undisputed that Appellant failed to pay restitution. However, “before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay but has willfully refused to do so.”
 
 Stephens v. State,
 
 630 So.2d 1090, 1091 (Fla.1994). Here, the trial court reversibly erred in failing to make a determination that Appellant had the ability to pay restitution, and therefore, the finding that Appellant willfully violated the condition requiring him to pay restitution must be stricken from the probation order.
 
 See Odom v. State,
 
 15 So.3d 672 (Fla. 1st DCA 2009). Because it is unclear from the record whether the trial court would have revoked probation and imposed the same sentence based solely on Appellant’s violation of the condition prohibiting him from possessing or consuming alcohol, we reverse the revocation order and remand for further proceedings.
 
 Richardson v. State,
 
 694 So.2d 147 (Fla. 1st DCA 1997);
 
 Mordica v. State,
 
 618 So.2d 301, 305 (Fla. 1st DCA 1993).
 

 REVERSED AND REMANDED.
 

 WOLF, WEBSTER, and CLARK, JJ., concur.