SUAREZ, J.
 

 The defendant appeals from a violation and revocation of probation for attempted strong-arm robbery. We reverse the rev
 
 *233
 
 ocation of probation on the ground that there is insufficient evidence from which the trial court could have concluded that the defendant violated his probation.
 

 On February 14, 2008, the State filed an affidavit of violation of probation alleging violation of the terms of the defendant’s probation by failing to live without violating the law, in that, on February 13, 2008, he was arrested for the purchase and possession of cocaine. The defendant’s probation was revoked and he was given credit for time served from the date of his arrest. At his violation of probation hearing, a City of Miami Police officer with the Crime Suppression Unit testified that, while on surveillance duty on February 14, 2008, he observed the defendant ride up on a bicycle and engage in conversation and exchange currency for an unknown item. Another tactical unit stopped the defendant, searched him, and found in his pocket two plastic baggies containing what the officer suspected was powder cocaine. No field tests were conducted on the suspect cocaine and it was impounded and given to the lab. The officer could not offer an opinion as to whether the substance in the baggies was cocaine. Over defense objection, a lab report with a positive indication of cocaine was entered into evidence. The defendant testified that he did not have cocaine in his possession and denied having two baggies of powder cocaine. He stated that the officers found scratch-off tickets in his pockets. He admitted to smoking crack cocaine on the night before his arrest. Based upon the defendant’s admission, the officer’s testimony and the lab report, the trial eourt found that the defendant had violated his probation and revoked it. The defendant was sentenced to five years in prison as a habitual offender and given credit for time served from the date of his arrest. The trial judge denied defense counsel’s request for additional credit for time served.
 

 The standard of review of the trial court’s revocation of probation is abuse of discretion.
 
 State v. Carter,
 
 835 So.2d 259 (Fla.2002). We agree with the defendant that the lab report was not admissible into evidence as an exception to the hearsay rule.
 
 See Hogan v. State,
 
 583 So.2d 426 (Fla. 1st DCA 1991) (holding that, at a probation revocation hearing, the business records exception to the hearsay rule is inapplicable when no one from the lab testifies as to knowledge of testing and reporting procedure; therefore the lab report is inadmissible). The lab report is nevertheless admissible as hearsay at a probation violation hearing.
 
 Isaac v. State,
 
 971 So.2d 908 (Fla. 3d DCA 2007). However, hearsay alone is an insufficient basis upon which to revoke probation.
 
 Isaac v. State,
 
 971 So.2d at 908;
 
 Weaver v. State,
 
 543 So.2d 443 (Fla. 3d DCA 1989). Because no further evidence, such as testimony from an officer experienced in the handling of and arrests for cocaine, or the positive results of a field test, reliably identified the substance in the defendant’s possession as cocaine, the hearsay evidence contained in the lab report cannot support the order revoking the defendant’s probation.
 
 Legree v. State,
 
 739 So.2d 616 (Fla. 1st DCA 1999);
 
 Hogan,
 
 583 So.2d at 426.
 
 But cf. Sinclair v. State,
 
 995 So.2d 552 (Fla. 3d DCA 2008) (holding that identification of cocaine by the arresting officer at probation violation hearing is sufficient for revocation where the officer worked street level narcotics and handled cocaine daily, even though the State did not produce a written lab report),
 
 review denied,
 
 8 So.3d 358 (Fla.2009). Since the lab report was the only evidence establishing that the substance found in possession of the defendant was cocaine, we find it an insufficient
 
 *234
 
 basis, without more, to revoke the defendant’s probation.
 
 [1]
 

 The State concedes error on the point that the time the defendant spent in jail on the portion of his original sentence should be calculated in addition to the time spent in jail on the probation violation, in order to establish the defendant’s proper credit for time served.
 

 Reversed and remanded for resentenc-ing.
 

 [1]
 

 . The fact that the defendant admitted using crack cocaine the night before does not support the conclusion that he had powder cocaine in his possession when he was stopped.