VAN NORTWICK, J.
Phillip Anthony Bray challenges the revocation of his community control. Because only hearsay evidence was admitted as proof of his violation of community control, we reverse the revocation order and reinstate Bray to community control supervision.
Upon the request of his community control officer, Bray submitted a urine sample. A test conducted by the officer indicated that appellant used cocaine. The urine sample was thereafter sent to an independent laboratory, which later issued a written report indicating that the urine tested positive for cocaine. An affidavit alleging a violation of the conditions of community control was thereafter filed, and the matter proceeded to a hearing. The use of cocaine was the only violation alleged.
Bray admitted that he used an over-the-counter medication for a toothache, but denied using cocaine. He objected to the admission of the laboratory report on the ground that no one knowledgeable of the procedures of the laboratory was present to testify. The trial court admitted the report over the objection of the defense. Further, although it received further argument from the defense that the testimony of two community control officers that the urinalysis conducted by them produced a *750 positive result was hearsay testimony, the trial court admitted this evidence as well. Revocation was thereafter ordered on the basis of this laboratory report and the testimony of the community control officers.
While hearsay evidence is admissible in a revocation proceeding, revocation may not be solely based on hearsay. Hogan v. State, 583 So.2d 426 (Fla. 1st DCA 1991); Legree v. State, 739 So.2d 616 (Fla. 1st DCA 1999). The laboratory report was hearsay. Hogan v. State; Forbes v. State, 38 So.3d 232 (Fla. 3d DCA 2010). Moreover, the testimony of the community control officers was hearsay. While both officers testified that they had conducted hundreds of urinalyses, neither testified as to any expertise as to narcotics or drug testing. Under such circumstances, their testimony was hearsay. See L.R. v. State, 557 So.2d 121 (Fla. 3d DCA 1990), and Weaver v. State, 543 So.2d 443 (Fla. 3d DCA 1989). Had the community control officers demonstrated some expertise in the matter, their testimony may have possibly survived a hearsay challenge. See Sinclair v. State, 995 So.2d 552 (Fla. 3d DCA 2008).
The case at bar is distinguishable from Branch v. State, 837 So.2d 568 (Fla. 4th DCA 2003), as there is no indication in that case that the probationer lodged a hearsay objection to the in-office test conducted by the probation officer. Of course, hearsay which is not subject to an objection is admissible and may be as probative as other non-hearsay evidence. See Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744, 754 (Fla. 1st DCA 1991).
The State also cites Isaac v. State, 971 So.2d 908 (Fla. 3d DCA 2007), but that case too fails to support affirmance here. In Isaac, a positive drug test was not the only basis for revoking probation. The Isaac court agreed that revocation cannot be based on hearsay exclusively. Id. at 909. Moreover, there is no indication in Isaac that a hearsay objection was made regarding the testimony of the probation officer that the test conducted by the officer revealed that the probation used a controlled substance.
For the above reasons, the order revoking Bray’s community control is REVERSED.
WEBSTER and CLARK, JJ., concur.