PER CURIAM.
The appellant, Dominic Melton, appeals the revocation of her probation based on violations of condition (1) for failure to report and condition (5) for possession of drugs. We affirm the trial court’s finding that Melton violated her probation for failure to report, but we conclude that the evidence presented to the trial court was insufficient to support a violation for possession of drugs, and we remand for the trial court to strike its finding regarding that violation and enter a corrected order.
The state has the burden of proving by the greater weight of the evidence that a probationer’s actions amounted to a willful and substantial violation of a condition of probation. See Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). While hearsay is admissible at a probation revocation hearing, a revocation of probation may not be based solely upon hearsay evidence, and where the state seeks to revoke probation based on a violation of standard condition (5) by the commission of a new offense, it is required to present direct, non-hearsay evidence linking the defendant to the commission of the offense. See, e.g., Johnson v. State, 962 So.2d 394, 396-97 (Fla. 2d DCA 2007).
In this case, the state presented sufficient evidence to support the court’s finding that Melton willfully violated a condition of probation by failing to report; however, the state’s evidence was not sufficient to support revocation for a violation of condition (5) for possession of drugs which was based entirely on hearsay. The female probation officer who administered the drug test did not testify at the hearing, Melton denied smoking marijuana while on probation, and the probation officer who did appear at the hearing testified that he had no personal knowledge of the result of the drug test. Further, the state properly conceded at the revocation hearing that the hearsay evidence was insufficient to revoke Melton’s probation on that basis. Because violation of condition (5) was supported only by hearsay, the trial court abused its discretion by revoking probation on that basis.
We affirm the revocation of Melton’s probation based on violation of condition (1) for failure to report. Because it is unclear from the record, however, whether the trial court would have imposed the same sentence based solely on failure to report, we reverse and remand for the trial court to enter a corrected order strik *98 ing the reference to violation of condition (5) for possession of drugs, and to resen-tence Melton only for violation of condition (1) for failure to report. See Marzendorfer v. State, 16 So.3d 957, 958 (Fla. 1st DCA 2009); Richardson v. State, 694 So.2d 147 (Fla. 1st DCA 1997).
AFFIRMED in part, REVERSED in part, and REMANDED for a corrected order consistent with this opinion.
VAN NORTWICK, WETHERELL, and ROWE, JJ., concur.