PER CURIAM.
 

 Timothy Michael Rothe seeks reversal of an Order of Modification of Community Control the trial court entered after finding he possessed cocaine in violation of his previously ordered community control. Rothe asserts the court based its finding solely on hearsay testimony from his community control officer that both the random urinalysis she performed and the subsequent formal laboratory test detected a level of cocaine in Rothe’s system of 605 nanograms per milliliter. We disagree and affirm because the State also presented evidence that Rothe admitted possessing cocaine.
 

 A court may not rely only on hearsay evidence to find a violation of community control.
 
 See Melton v. State,
 
 65 So.3d 96, 97 (Fla. 1st DCA 2011);
 
 Andrews v. State,
 
 693 So.2d 1138, 1141 (Fla. 1st DCA 1997). But hearsay may be used in such proceedings to supplement or explain competent, non-hearsay evidence.
 
 See Carter v. State,
 
 — So.3d—, 2011 WL 3558153 (Fla. 1st DCA 2011). Here, the officer’s testimony about the results of the drug test she performed on Rothe is hearsay for she admitted on cross-examination that she has no specialized training, expertise or certification in drug testing.
 
 See Bray v. State,
 
 75 So.3d 749 (Fla. 1st DCA 2011);
 
 cf. Terry v. State,
 
 777 So.2d 1093, 1094 (Fla. 5th DCA 2001) (probation officer’s testimony about results of field drug test sufficient to support finding of violation of probation where officer possessed state certification to administer such tests). The same is true of her testimony about the results of the independent laboratory test.
 
 See Carter v. State,
 
 — So.3d -(Fla. 1st DCA 2011). But the trial court’s finding that Rothe violated community control does not rest only on this evidence.
 

 The violation affidavit alleged Rothe “was in possession of a drug or narcotic not prescribed by a physician, to-wit: Cocaine .... ” Rothe’s community control officer testified that when she confronted Rothe with the positive urinalysis result, he acknowledged he had cocaine in his
 
 *1012
 
 system but claimed it came from handling bags of cocaine he found strewn around his yard. Rothe’s admissions constitute sufficient non-hearsay evidence of cocaine possession allowing the trial court to consider and rely on the hearsay test results.
 
 See Hayes v. State,
 
 345 So.2d 765, 765 (Fla. 4th DCA 1977) (affirming probation revocation for heroin possession where supported by non-hearsay testimony from officers who saw offender buy “foil packets” and by hearsay testimony about field and lab test results).
 
 Of. Carter
 
 (reversing probation revocation for cocaine possession where prosecution’s only evidence was lab test results, which were hearsay, and testimony of probation officer not qualified to interpret field test results);
 
 Bray
 
 (reversing community control revocation for cocaine possession where offender denied using cocaine and only evidence of violation was hearsay testimony of community control officers regarding in-office and lab test results).
 

 AFFIRMED.
 

 WETHERELL, MARSTILLER and SWANSON, J.J., concur.