THOMAS, J.
Appellant challenges the trial court’s order revoking his probation. Appellant argues that the court erroneously found that he violated his probation by committing a new law offense when he tested positive for cocaine and for failing to comply with a special condition of his probation requiring him to perform a minimum of ten community service hours per month until he completed a total of 100 hours. We affirm the trial court’s finding that Appellant violated the community service condition and the trial court’s ruling denying Appellant’s additional jail-time credit, but we reverse as to the drug possession violation and remand to the trial court to determine whether the community service violation, standing alone, would have prompted the court to revoke Appellant’s probation.
At the revocation hearing, the State presented the testimony of Appellant’s probation officer. Regarding the drug possession violation, the totality of the officer’s testimony was that he obtained a urine sample from Appellant and that this sample “field tested positive for cocaine and came back confirmed on December 24th, from Kroll Laboratories that it was positive for cocaine.” The officer also testified that he personally performed the field test. The lab report, however, was not admitted into evidence.
Thus, the only evidence the State presented to establish that Appellant violated *543 his probation by possessing cocaine was the officer’s testimony, which we hold was insufficient to sustain the revocation based on this alleged violation. Carter v. State, 82 So.3d 993, 996 (Fla. 1st DCA 2011) (holding, although lab reports are admissible for limited purposes, probation officer’s testimony was insufficient to establish drug possession when the testimony failed to establish that he was certified to administer the field test, or had in fact administered it with any independent ability to identify cocaine or its metabolites in urine); Weaver v. State, 543 So.2d 443, 444 (Fla. 3d DCA 1989) (holding “[p]roof of the identification of contraband does not require scientific tests; nevertheless, it must be reliable and based on the observations of a witness with experience and training” and reversing because “it was not established that the officers could independently, by training or experience, identify the substance with sufficient reliability to support a finding that the defendant was guilty of a probation violation.”). Cf. Terry v. State, 777 So.2d 1093, 1094 (Fla. 5th DCA 2001) (holding probation officer’s testimony sufficient to show presence of cocaine metabolites where officer testified to the nature of the field test and how it was performed, and that he was certified by the state to administer the test, which he administered fifty times a month).
Because it is unclear from the record, however, whether the community service violátion, standing alone, would have prompted the court to revoke Appellant’s probation, we remand for the court to make that determination. See Marzendorfer v. State, 16 So.3d 957, 958 (Fla. 1st DCA 2009) (“Because it is unclear from the record whether the trial court would have revoked probation and imposed the same sentence based solely on Appellant’s violation of the condition prohibiting him from possessing or consuming alcohol, we reverse the revocation order and remand for further proceedings.”).
AFFIRMED in part, REVERSED in part, and REMANDED -with instructions consistent with this opinion.
LEWIS and MAKAR, JJ., concur.