LaROSE, Judge.
Q.G.W.M. appeals the trial court’s order modifying his probation. We affirm in part and reverse in part.
Q.G.W.M. pleaded no contest to burglary of a conveyance and criminal mischief in case 09-CJ-4994 and to grand theft of a motor vehicle in case 10-CJ-4362. The trial court adjudicated him delinquent and committed him to a Department of Juvenile Justice moderate risk program, followed by postcommitment probation. Subsequently, the State charged Q.G.W.M. with violating his probation by violating his curfew, failing to attend school without disciplinary issues by being expelled from school, and by testing positive for an illegal drug, THC. The trial court found him guilty of violating his probation and placed him on probation again, with additional terms. Q.G.W.M. raises three issues on appeal.

Curfew

Q.G.W.M. contends that the “6 p.m.” curfew specified in the probation orders was vague because it did not state whether 6 p.m. was the beginning or end of the curfew period. He failed to preserve the issue for review because he did not raise this argument in the trial court. He wants us to find his trial counsel ineffective on the face of the record. The vagueness argument is unconvincing; we decline to find that his counsel was ineffective on the record before us. We affirm the trial court’s finding that Q.G.W.M. violated his curfew.

Positive THC Test

Q.G.W.M. argues that the evidence was insufficient to sustain revocation for a positive drug test because the probation officer was not an expert chemist qualified to *714 perform or interpret the urinalysis. See Bray v. State, 75 So.3d 749, 750 (Fla. 1st DCA 2011) (holding probation officer’s testimony about drug test without qualifying officer as expert was inadmissible hearsay). Q.G.W.M. failed to preserve this issue in the trial court; he argued only that the test results were unreliable because the results were not verified by an independent lab and that the probation officer failed to investigate whether Q.G.W.M.’s use of Tylenol could have interfered with the results. See Moore v. State, 788 So.2d 385, 386 (Fla. 5th DCA 2001) (holding appellant failed to preserve issue of admissibility of officer’s testimony). Therefore, we affirm the trial court’s finding that Q.G.W.M. violated his probation by using illegal drugs.

Expulsion

Q.G.W.M. argues that the hearsay evidence that Q.G.W.M. was expelled from school is insufficient to violate his probation for attending school without disciplinary issues. The State concedes error but argues that the trial court would have found Q.G.W.M. in violation of his probation on the other two grounds. We agree. See Gaddy v. State, 23 So.3d 1258, 1259 (Fla. 2d DCA 2009) (holding that revocation of probation and sentence need not be reconsidered where one condition was not established but where competent, substantial evidence supported the trial court’s findings of violations of other conditions); Green v. State, 19 So.3d 449 (Fla. 2d DCA 2009) (citing multiple cases in support of affirming where remaining findings of violation are sufficient to support trial court’s ruling).
We affirm the trial court’s order on the violation of probation but remand for the trial court to strike from the orders in cases 09-CJ-4994 and 10-CJ-4362 the findings that Q.G.W.M. violated the probation condition of attending school without disciplinary issues.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and MORRIS, JJ., Concur.