DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRINA TURNER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3821

[November 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sandra K. McSorley, Judge; L.T. Case No. 502008CF011852AXMB.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nicholas I. Igwe, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Trina Turner, appeals a final order revoking her probation and the sentence imposed after the trial court found she had violated the terms of her probation when she tested positive for cocaine. Appellant argues that the trial court's revocation was based exclusively on hearsay evidence, namely a laboratory report confirming the presence of cocaine and the probation officer's testimony regarding the results of an in-office drug test that he personally conducted. Holding that the probation officer's testimony constitutes corroborating non-hearsay evidence, we affirm.

By way of background, Appellant was charged with and pled guilty to driving under the influence ("DUI") manslaughter, DUI causing serious bodily injury, and DUI causing injury to person or property. Appellant ultimately received fifteen years of probation for the manslaughter charge, five years for the serious bodily injury charge, and one year for the injury to a person or property charge, all to run concurrently. As conditions of probation, Appellant was to: (1) live without violating the law; (2) abstain

entirely from the use of alcohol and/or illegal drugs; and (3) submit to random urinalysis testing.

At the final violation of probation ("VOP") hearing, the state introduced a laboratory report and testimony from Appellant's probation officer. The probation officer testified as to his extensive background and training in administering in-office drug tests, and specifically detailed the procedures followed in administering Appellant's in-office test. Over a hearsay objection, the probation officer testified that Appellant's in-office drug test was positive for the presence of cocaine. Through the probation officer and over a hearsay objection, the state also introduced into evidence a laboratory report confirming the results of the in-office test. At the conclusion of the hearing, the trial court found, based on the greater weight of the evidence, that Appellant willfully violated her probation. This appeal follows.

As a preliminary matter, we hold that the laboratory report was hearsay evidence because it was not admitted through the testimony of the custodian of the record. *See Branch v. State*, 837 So. 2d 568, 569 (Fla. 4th DCA 2003). However, because hearsay evidence is admissible at VOP hearings, the question then becomes whether the probation officer's testimony regarding the results of the in-office drug test constitutes corroborating, non-hearsay evidence. *See McDoughall v. State*, 133 So. 3d 1097, 1099 (Fla. 4th DCA 2014) (holding that a probation revocation cannot be supported by hearsay evidence alone but rather must be corroborated by non-hearsay evidence).

We acknowledge that there is currently a conflict amongst the other appellate district courts with regard to whether a probation officer's testimony about the results of an in-office drug test is considered hearsay evidence in the context of VOP hearings. The First and Second Districts have held that such testimony is hearsay evidence and, thus, standing alone, is insufficient to support a revocation. *See Bray v. State*, 75 So. 3d 749, 750 (Fla. 1st DCA 2011) (holding that "[w]hile both officers testified that they had conducted hundreds of urinalyses, neither testified as to any expertise as to narcotics or drug testing. Under such circumstances, their testimony [regarding the results of a drug test conducted by them] was hearsay."); *see also Queior v. State*, 157 So. 3d 370, 374–76 (Fla. 2d DCA) (citing *Bray* in holding that a probation officer's testimony "about the field test results was not competent, nonhearsay evidence that [the defendant] had used an opiate in violation of his probation" because the probation officer was ignorant of the nature of the chemical make-up of the field test and could not explain the scientific basis of the test), *review granted*, 171 So. 3d 120 (Fla. 2015).

2

The Third and Fifth Districts, however, have held that such testimony is non-hearsay corroborating evidence and is sufficient to support revocation. *See Terry v. State*, 777 So. 2d 1093, 1094 (Fla. 5th DCA 2001) (holding that a probation officer's testimony regarding the result of the in-office drug test, standing alone, was sufficient to support a finding of violation of probation, especially since the officer testified as to the nature of the test and how it was performed); *see also Isaac v. State*, 971 So. 2d 908, 909 (Fla. 3d DCA 2007) (citing *Terry* in support of its holding that a probation officer's testimony regarding an in-office drug test, in conjunction with the hearsay laboratory report, was sufficient to support revocation).

The Fifth District very recently addressed this conflict in *Bell v. State*, 40 Fla. L. Weekly D2281 (Fla. 5th DCA Oct. 9, 2015). There, the court held that an officer's testimony regarding the results of an in-office presumptive drug test is not a hearsay issue. *See id.* at D2283. In so holding, the court noted that:

> Hearsay "is a statement, other than one made by *the declarant while testifying at a trial or hearing,* offered in evidence to prove the truth of the matter asserted. *See* § 90.801(1)(c), Fla. Stat. (2014) (emphasis added). "A 'declarant' is a person who makes a statement." *See* § 90.801(1)(b), Fla. Stat. (2014). In *Dawson,*[1] the officer

---

[1]    In *Dawson v. State*, 40 Fla. L. Weekly D1683 (Fla. 1st DCA July 21, 2015), the First District, relying on *Bray*, held that the probation officer's testimony regarding the results of a field drug test she performed was hearsay evidence, and was thus insufficient to support the revocation. The court in *Dawson* later receded from its initial opinion, and replaced it with *Dawson v. State*, 40 Fla. L. Weekly D2301 (Fla. 1st DCA Oct. 12, 2015). Although the court did not recede from its previous holding that an officer's testimony regarding the results of a field drug test is hearsay, it certified the following question to the supreme court:

> WHETHER THE TESTIMONY OF AN OFFICER THAT A FIELD TEST URINALYSIS PRODUCED A POSITIVE RESULT, ALONG WITH CORROBORATING HEARSAY TESTIMONY IN THE FORM OF A LABORATORY REPORT, IS COMPETENT, SUBSTANTIAL, NON–HEARSAY EVIDENCE TO SUPPORT A TRIAL COURT'S FINDING THAT A DEFENDANT VIOLATED THE TERMS OF HIS PROBATION BY USING A CONTROLLED SUBSTANCE IF THE OFFICER HAS TRAINING AND EXPERIENCE IN CONDUCTING URINALYSES BUT HAS NO CERTIFICATION OR UNDERSTANDING OF HOW THE TEST WORKS SCIENTIFICALLY?

3

(the "declarant") was testifying at hearing, subject to cross-examination, to what she personally did and observed. This is classic non-hearsay testimony. And, clearly, the drug test is not a "declarant" capable of uttering hearsay. *See id.* ("A 'declarant' is a *person* . . . ." (emphasis added)). So, if there is a problem with the testimony, it is not—as the *Dawson* panel stated, citing *Bray*—that the testimony is hearsay.

*Id.* We adopt the Fifth District's holding in *Bell v. State* and hold that a probation officer's testimony regarding the results of an in-office drug test that the qualified officer personally conducted is non-hearsay corroborating evidence and thus can be sufficient to support revocation. *See id.*; *see also Branch*, 837 So. 2d at 569; *Isaac*, 971 So. 2d at 909; *Terry*, 777 So. 2d at 1094.

Here, the probation officer testified that he was trained and certified in how to properly administer in-office drug tests, that he routinely administered these tests, and that he had performed over one thousand tests during his nine years as a probation officer. He further described, in great detail, the steps he specifically took in testing Appellant's urine sample. Ultimately, based on the test that he personally conducted and the results that he personally observed, the probation officer testified that Appellant's in-office drug test was positive for cocaine. As such, the probation officer's testimony was based on his own personal observations and knowledge and, therefore, the testimony was not hearsay. *See Bell*, Fla. L. Weekly at D2283–84.

In sum, the trial court's finding that Appellant violated her probation was sufficiently supported by both hearsay (the laboratory report) and non-hearsay (the officer's testimony) evidence. *See Branch*, 837 So. 2d at 569; *Bell*, Fla. L. Weekly at D2283–84.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

*Id.* at D2302.